9    13
d112 351

## BARRETT *v.* TEWKSBURY *et al.*

It is not in the power of a Court of Equity to compel a married woman to correct an insufficient acknowledgment to a deed, for which she and her husband have received the consideration. Her consent must be perfectly free. She can make no contract to bind herself, except in the manner prescribed by law. The provisions of the statute must be strictly pursued.

APPEAL from the District Court of the Fourth Judicial District.

The facts of this case appear in the opinion of the Court.

*William H. Clark* for Appellant.

1. There is no evidence of any agreement, by parol or otherwise, on the part of the wife of the appellant, and no competent and sufficient evidence establishing any such agreement on the part of the husband of appellant.

2. The contract or agreement set up, being for the conveyance of land, is within the Statute of Frauds of this State, and not being in writing must be void. The evidence is not sufficient to bring the contract within any of the exceptional cases of the

2

statute.   Comp. Laws, chap. 47, §§ 6-8, p. 200; 2 Story's Eq. Jur., § 764, p. 81; § 766, p. 86.

3. An agreement of the wife, either with or without the assent of the husband, for the sale of her real estate, is absolutely void at law, and the Courts of Equity never enforce such a contract as against her.   2 Kent's Com., p. 156 (168.)   Thayer *v.* Gould 1 Atkyn's R. 617; Woden *v.* Morris & Wife, 2 Green Ch. R., 65; Butter *v.* Buckingham, 5 Day's R., 492; Watrass *v.* Chalker, Conn. R., 224; Martin *v.* Devilly, 6 Ward, 9; Rowe *v.* Khole, 4 Cal. R., 285; Sempers & Cranner *v.* Ellen Sloan, Cal. R., 457.

4. The wife of appellant signed and delivered the deed prepared and furnished by the respondents, with which they expressed themselves satisfied; there being no misrepresentation or deceit, on the part of appellant, and it being purely a mistake in law, and not as to facts on the part of the appellant, equity can afford no relief.   Story's Eq. Jur., §§ 110, 111, 137, and notes. Shortwell *v.* Murray, 1 John's Ch. R., 512; Lyon *v.* Richmond, 2 Johns. Ch. R., 51-60; Stows *v.* Barker, 6 Johns. Ch. R., 169; Dupre *v.* Thompson, 4 Barb S. C. R.; Langley *v.* Brown, 2 Atkyn's R., 202.

5. The decree cannot well be complied with, is no relief, and leaves everything, so far as title is concerned, in *statu quo.*   The husband cannot now join or give his assent, so as to restore the old deed, and make that deed effectual under the statute concerning husband and wife.   Helen Poole *v.* Francis Gerrard, Cal. R., Jany. T., 1856, p. 104.

From the nature of things, the husband of himself is not capable of making or bettering a title to the appellant, and equity will only decree a performance of what is capable of being performed.   His signature or attempt to join now might throw a cloud on the wife's title which should not be encouraged, as married women and their rights to their separate property are peculiarly a subject of protection in an Equity Court.

6. In case of sale or contract for sale by husband of wife's land, equity can afford no remedy by decree against the husband, because his imprisonment on the decree would tend to force a conveyance from the wife, through sympathy, and could be effectual in no other way, and the wife's conveyance should be purely voluntary and unconstrained.   Emery *v.* Ware, 8 Vesey Jr., 505, 16 Vesey Jr., 367; Howell *v.* George, 1 Madd. 9; Opinion of Sir Thomas Plummer, Davis *v.* Jones, 4 Bos. & Pull, 267; Frederick *v.* Coxwell, 3 Y. & Jerv., 514; Jane Hunter, 1 Edward, 1; Weed *v.* Terry, 2 Douglass, 344; Eddington *v.* Harper, 3 J. J. Marshall, 360; 2 Kent's Com., 7 Ed., 157 (169); 2 Strong's Eq. Jur., § 731 to 736, and notes; 1 Sugd. on Powers, 7 Ed., 269 to 271, (231 to 233.)

*John McHenry* for Respondent.   No brief on file.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The defendant, Emily S. Tewksbury, was the owner of certain premises in the city of San Francisco, as her separate property. A sale of this property was negotiated by her husband with James Barrett, one of the plaintiffs. A warranty-deed, from Mrs. T. to Mrs. B., was drawn up by an attorney, and executed and acknowledged by Mrs. T. This deed was satisfactory to James Barrett and Jacob M. Tewksbury, who were in the office when it was drawn. All parties supposed the deed sufficient. The acknowledgment was not in the form required by statute. The purchase-money, three thousand dollars, was paid; afterwards, the defect was discovered, and defendant, Jacob M. Tewksbury, repeatedly promised to execute, with his wife, a quit-claim-deed, but as often deferred it, and finally refused. This bill was then filed to compel him to join in the separate deed of his wife, under date of June 21st, 1852. The Court below decreed that defendant, Jacob M. Tewksbury, join in the execution of the deed of Emily S. Tewksbury, and duly acknowledge the same before a proper officer. From this decree the defendants appealed.

The deed, not being properly acknowledged, is insufficient. It is not in the power of a Court of Equity to compel a married woman to correct an insufficient acknowledgment. Her consent must be perfectly free. She can make no contract to bind her, except in the manner prescribed by the law. The provisions of the statute must be strictly pursued. She must be examined separate and apart from her husband. Whether the husband must join in the deed, we do not now determine.

If we had the power to enforce mere moral obligations, we should compel the defendants to execute and deliver a good deed. It is a hard and unconscionable case; but we can give no relief.

The decree of the Court below is reversed, and the bill of plaintiffs dismissed.