[No. 7,024.—Department No. 2.]

## LEONIS v. LAZZAROVICH.

MARRIED WOMAN—MISTAKE—REFORMATION OF DEED.—A Court of Equity cannot reform the deed of a married woman.

ID.—CONVEYANCE—ACKNOWLEDGMENT.—A married woman can only be divested of her real estate in the mode prescribed by statute; and the certificate of acknowledgment, (required by §§ 1186 and 1191 Civil Code) are as much an essential part of the execution of the deed as her signature.

MISTAKE—FINDINGS—CONFLICT OF EVIDENCE.—To reform a deed on the ground of mistake, the evidence must be clear and convincing, making out the case to the entire satisfaction of the Court, and not loose, equivocal or contradictory, leaving the mistake open to doubt. *Held*, accordingly, that it might be seriously doubted, in view of the substantial conflict in the testimony, whether a finding of mistake was justified, but the decision placed upon another ground.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

The facts are stated in the decision.

*Glassell, Smith & Smith,* and *Bicknell & White,* for Appellants.

A married woman's title to her separate property can neither be conveyed nor affected in any other way than that prescribed by the laws of the State. To allow in evidence her parole declarations as to her intentions, would be practically to abrogate the provisions of the Civil Code as to conveyances by married women. (*Maclay* v. *Love,* 25 Cal. 367 ; *Morrison* v. *Wilson,* 13 id. 494.)

*Howard, Brousseau & Howard,* for Respondent.

The answer does not allege the fact that appellant is a married woman ; nor does the complaint. The most that can be claimed by appellant is, that there is a recital in the complaint to that effect. Such recital or reference raises no issue. (*Stringer* v. *Davis,* 30 Cal. 318 ; *Shafer* v. *Bear River & A. M. Co.* 4 id. 294 ; 1 Chitty's Pol. Code, 231.) When through a mutual mistake of the parties a written instrument does not express the intention of the parties, it may be revised, on application of a party aggrieved, so as to express that intention. (Civ. Code, §§ 3399, 3401.)

MORRISON, C. J. :

This action is brought to correct an alleged mistake in a deed executed by appellant and her husband, to certain lands situate in the County of Los Angeles. The foundation of the complaint is, that other lands, in addition to those described in the deed, were meant and intended to be included therein, but were, by mutual mistake, omitted. It is in the exception clause in the deed that the mistake is said to have occurred. The language of the deed is: "Excepting from the operation of this conveyance, all those lots of land contained in blocks X and Y of the Mount Pleasant Tract, a description of which tract is contained in a map made by Moore & Kelleher, of said tract, and recorded in the County Recorder's office."

This is claimed to be a mistake, and instead thereof the exception should have been as follows: "Excepting from the

operation of this conveyance, all those lots of land contained in block X and block Y of the Mount Pleasant Tract, which had been already sold and conveyed by the parties of the first part hereto, before the execution by them of a certain mortgage of said lots to the party of the second part hereto, dated June 19th, 1876, and recorded in the Los Angeles County Records, Book 19 of Mortgages, page 389, a description of which tract is contained in a map made by Moore & Kelleher, of said Mount Pleasant Tract, and recorded in the Los Angeles County Recorder's office, in the miscellaneous records."

On the trial in the Court below, several witnesses were examined on behalf of the plaintiff, for the purpose of proving the mistake in the deed, and about an equal number testified on behalf of the defendant, to the effect that there was no such mistake. The defendant, by her counsel, objected to the introduction of any evidence in the case tending to prove that there was a mistake in the deed, and reserved her exception to the ruling of the Court, admitting such evidence. The Court entered a decree reforming the deed in accordance with the prayer of the complaint.

In view of the substantial conflict in the evidence, it may be seriously doubted whether such a case was made as would justify the Court below in finding that the alleged mistake really existed; for the rule in cases of this character is, that " the evidence must be clear and convincing, making out the mistake to the entire satisfaction of the Court, and not loose, equivocal, or *contradictory,* leaving the mistake open to doubt." (*Lestrade* v. *Barth,* 19 Cal. 660; Story's Eq. Jur. § 152.)

We say it may well be doubted whether the evidence in the case was sufficiently clear, convincing, and free from doubt, as to justify a Court of Equity in decreeing a reformation of the instrument; for we have the admission of plaintiff's counsel, made during the progress of the trial, *that plaintiff did not claim anything in block Y;* and also the evidence of Judge King, the notary who took the acknowledgment, that defendant, after the deed had been read to her in English and Spanish, positively refused to sign it until the exception clause was incorporated in it.

But we do not deem it necessary to rest this opinion on the

ground that the decision of the Court below was not sustained by the evidence. There is another question in the case which, in our opinion, is conclusive of the rights of the parties to this suit.

The defendant is a married woman, and it is a conveyance made by a *femme covert* which is sought to be reformed. It is claimed by the respondent that it does not affirmatively appear that the defendant is a married woman, but that fact is sufficiently apparent, not only in the pleadings, but in the evidence. The deed executed by the defendant is attached to the complaint, and made a part thereof, and the defendant is therein stated to be a married woman. The certificate of acknowledgment described her as a married woman, and in the evidence she is spoken of as the wife of John Lazzarovich. The question here arises, can a Court of Equity reform the deed of a married woman? Was it within the equitable powers and jurisdiction of the Court below to decree, as it did, that the defendant should, within a certain time fixed by the decree, execute to the plaintiff her deed conveying lands not described *in any deed or other written instrument*, and in case she made default, that such deed should be executed by the Clerk of the Court? This is what the Court did by its decree, and it is the correctness of such proceeding that we are now called upon to review.

Whatever rights and powers a married woman has, or can legally exercise, in the disposition of her property, are matters of statutory regulation. At common law she possessed no power to convey her lands, except by fine and recovery, and that law constitutes the basis of our jurisprudence; and rights and liabilities must be determined in accordance with its principles, except so far as they are modified by statutes. (*Van Maren* v. *Johnson*, 15 Cal. 308; *Dow* v. *Gould & Curry Silver Mining Co.* 31 id. 640.)

"The conveyance of a *femme covert*, except by some matter of record, was absolutely void at law; and in England the wife used to pass her freehold estate by a fine; and this, and a common-law recovery, were the only ways in which she could, at common law, convey her real estate." (2 Kent's Commentaries, 151.) And, although she is now permitted by statute to

convey by deed, her agreement, with the consent of her husband, for a sale of her real estate, is absolutely void at law, and Courts of Equity never enforce such a contract against her. (2 Kent's Commentaries, 169; *Wooden et al. v. Norris and wife*, 2 Green Ch. 65; *Watrous v. Chalker*, 7 Conn. 224; *Butler et al. v. Buckingham*, 5 Day, 492.) In the case last referred to, a *femme covert*, with the consent and approbation of her husband, agreed to sell a lot of land for a valuable consideration; and the consideration paid was appropriated to her separate use. The intended purchasers entered on the land, erected a house and store thereon, and were in the possession for twenty years; and under all these circumstances the Court held the agreement of the *femme covert* void, and that chancery could give no relief. This case was cited by the Court, with approbation, in the more recent case of *Watrous* v. *Chalker*, 7 Conn. 227.

Let us, then, inquire how far the rights and powers of married women, in this respect, have been modified by statute. Section 162 of the Civil Code declares that "all property of the wife owned by her before marriage, and that acquired afterward by gift, bequest, devise, or descent, is her separate property, which she may convey without the consent of her husband." By chapter two of the same Code the transfer of real property by the wife is regulated. Section 1093 provides that "no estate in the real property of a married woman passes by any grant purporting to be executed or acknowledged by her, unless the grant or instrument is acknowledged in the manner prescribed by §§ 1186 and 1191."

Section 1186.—"The acknowledgment of a married woman to an instrument purporting to be executed by her must not be taken unless she is made acquainted, by the officer, with the contents of the instrument on an examination without the hearing of her husband; nor certified unless she thereupon acknowledge to the officer that she executed the instrument, and that she does not wish to retract such execution"; and § 1191 prescribes the form of the certificate of acknowledgment in such cases.

The certificate is absolutely essential to the deed, and is a material part thereof. The case of *Mariner* v. *Saunders*, 5 Gilman, 125, is an instructive one on this subject. The Court

there says: "By the eleventh section of an Act of the Territorial Legislature, passed September 17th, 1807, and by an amendment thereto, passed in 1813, the manner, and before whom a deed purporting to convey the estate of the wife shall be acknowledged by her, is prescribed, and deeds thus acknowledged and certified are declared to be good and effectual as if the wife were *sole*. These statutes were in force at the time this deed purports to have been executed, and there is no pretense that there was any such certificate of acknowledgment as the law required. Without such acknowledgment the deed was *absolutely void, and had no more vitality than a piece of blank paper.* Only by virtue of such acknowledgment certificate could the deed become operative. Its execution could be proved in no other possible way, and in no other way could she convey. The certificate of acknowledgment of a deed from a *femme covert*, to convey her own lands, is as much an essential part of the execution of the deed as her seal or signature, and without it the law presumes that it was obtained by fraud or coercion. This deed, then, was void as to the wife." And in the case of *Mason* v. *Brock*, 12 Ill. 276, the same Court says, "A married woman can only be divested of her real estate in the mode prescribed by statute." This brings us to the decisions of our own State, where we find the same doctrine enunciated.

In *Morrison* v. *Wilson*, 13 Cal. 498, the Court says: "The general rule is, that if the conveyance of a *femme covert* be not executed according to the forms prescribed by the statute, it is not valid, and accordingly it has often been held that when the certificate of acknowledgment was defective in any substantial particular, the *femme's* title did not pass. It would be strange if a mere defect of this kind avoided the deed, though regularly signed, and proven to have been fairly and voluntarily made, and yet a loose declaration of the *femme* in the presence of her husband, and possibly made by his connivance or constraint, and in total ignorance by the wife of its legal effect, or even of the real facts of the transaction, could pass her estate. * * * It is true that it is said by some writers that fraud vitiates all contracts, even those made by infants or *femmes;* but we apprehend that in cases of married women, under statutes like ours, this doctrine is limited to this, that a contract so infected can-

not be enforced; but not that a fraudulent representation will divest a *femme's* title in the face of a statute declaring a *different and exclusive mode of divestiture.* * * * But if we hold that a *femme covert* cannot be divested of a title by *parole or an estoppel in pais,* directly operating upon the title, it would be illogical to hold that such divestiture could be effected by an estoppel created by taking possession under a bad title." In *Maclay* v. *Love el al.,* 25 Cal. 374, the Court says, "that the wife has the power to create a charge upon her property, but she has no power to create it in any other mode than the one prescribed by the express provisions of the statute." To the same effect are the cases of *Ewald* v. *Corbett,* 32 Cal. 493; *McLeran* v. *Benton,* 43 id. 467, and *Terry* v. *Hammond,* 47 id. 32.

The case of *Barrett* v. *Tewksbury et al.* (9 Cal. 13) was a suit in equity to correct an insufficient acknowledgment to a deed of a married woman, and it is there said: "The deed not being properly acknowledged is insufficient. It is not in the power of a Court of Equity to compel a married woman to correct an insufficient acknowledgment. Her consent must be perfectly free. She can make no contract to bind her, except in the manner prescribed by the law. The provisions of the statute must be strictly pursued. She must be examined separate and apart from her husband."

The case of *Mariner* v. *Saunders,* (5 Gilman, 125) holds that the certificate of acknowledgment of a married woman is an essential part of the execution of the deed, just as much so as the signature or seal, and if it cannot be reformed, what other essential part of the deed can be reformed?

We are aware that some changes have been made in the Code since the foregoing California cases were decided, but these do not affect the question now under consideration. It is true that the wife can now, under § 162 of the Civil Code, convey her separate property without the consent of her husband, and that either husband or wife may, under § 158 of the same Code, enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried. Yet, when it comes to the disposition or conveyance of the real property of the wife, the mode is prescribed by the statute, and that mode must be pursued.

In addition to other sections of the Code referred to above, which apply to and regulate conveyances by married women, there is § 1187 of the Civil Code, which contains the following provision: "A conveyance by a married woman has the same effect as if she were unmarried, and may be acknowledged in the same manner, except as mentioned in the last section; but such conveyance has no validity until so acknowledged."

We have thus seen that there is but one mode by which a married woman can convey her separate estate, and that is prescribed by statute. All the cases hold that the provisions of the statute must be substantially complied with; and if the certificate of acknowledgment is insufficient, the conveyance is absolutely void.

But in the case now in hand there was no conveyance whatever of the land in controversy. The description in the deed does not embrace it, and it is sought to prove a parol agreement on the part of the wife to convey this particular tract of land. A *femme covert* can only be bound by a written instrument, executed and acknowledged by her in the manner prescribed by law, and it is not competent for a Court of Equity to supply defects in description any more than it can reform a certificate of acknowledgment. That the latter cannot be done has been expressly decided in the case of *Barrett* v. *Tewksbury*, 9 Cal. 13; and that the former cannot be done is equally clear upon principle and authority.

Judgment reversed and cause remanded, with instructions to render judgment for defendant, the appellant.

MYRICK, J., concurred.

THORNTON, J., concurred in the judgment.