[No. 8,035. Department Two.—May 27, 1884.]

ALFRED HIGGINS, APPELLANT, v. T. S. PARSONS, RESPONDENT.

REVISION OF CONTRACT—MISTAKE.—When it appears that one of the parties to a written agreement knew at the time of its execution that it did not truly express the intention of the parties, and also knew that the other party signed it supposing the intention to be correctly expressed, a case for revision is made out under section 3399 of the Civil Code. The right of revision does not depend upon the fact that he might have discovered the mistake before signing the instrument.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order refusing a new trial.

The plaintiff agreed to convey to the defendant certain real estate upon the payment of seven thousand dollars, and interest at the rate of one per cent *per month*. When the agreement was reduced to writing and the note was executed the rate of interest was stated to be one per cent *per annum*. The action was brought to reform the agreement. The remaining facts are stated in the opinion of the court.

*J. A. Cooper*, for Appellant.

*Thomas L. Carothers*, and *Thomas B. Bond*, for Respondent.

SHARPSTEIN, J.—The court found that in a verbal agreement made prior to the execution of the written instrument, which this action was brought to have reformed, "it was stipulated that the defendant should pay plaintiff interest on seven thousand dollars at the rate of one per cent per month," and that the plaintiff believed, at the time of signing said instrument, that it contained that stipulation, and that defendant knew, at the time of signing said instrument, that it did not contain that stipulation, but did contain one that defendant should pay interest at the rate of one per cent per annum.

The complaint alleges a mistake in the particular above specified, and the answer denies it. That was the sole issue in the case. But the court found that said written agreement differed from said verbal agreement in several other essential particulars. Neither party so alleged, and neither asked to have said written instrument reformed in any other than the particular above

specified. We must therefore presume that both were satisfied with it in all respects other than that specified in the pleadings.

It is also found that the defendant would not have signed said instrument if it "had contained a stipulation to pay interest at the rate of one per cent per month on seven thousand dollars." But he knew that he had agreed to pay that rate of interest, and knew that the plaintiff supposed when he signed said written instrument that it contained that agreement. Under such circumstances we think it quite immaterial what the defendant would or would not have done if the instrument had expressed the real agreement of the parties. If it omitted something which the defendant thought had been agreed to, he was at liberty to refuse to sign it. But be the fact as it may, it furnishes no ground for denying the relief prayed by plaintiff. It does not appear that defendant supposed or had any reason to suppose that the instrument as drawn was satisfactory to plaintiff. The defendant knew that the written instrument did not truly express the agreement of the parties, and knew that in the only respect in which it is sought to have it reformed, the plaintiff, at the time of signing it, supposed that it did truly express said agreement. This constituted " a mistake of one party, which the other at the time knew or suspected," and the party aggrieved is entitled to have the instrument revised so as to express the real intention of the parties. The finding that plaintiff might have discovered the mistake, which he seeks to have rectified, is an immaterial one. The right to have an instrument revised, so as to have it truly express the intention of the parties, is not made to depend on the fact whether the party seeking to have it so revised might have discovered the mistake before signing such instrument. The language of the Code is: "When, through fraud or a mutual mistake, *or a mistake of one party, which the other knew or suspected,* a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express the intention so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value." (Civ. Code, § 3399.) The conditions on which relief may be granted are clearly specified, and we are not at liberty to exact others.

The finding "that the defendant never made the contract by which it is sought to bind him in this action," is inconsistent with the finding, "that, in a verbal agreement, made prior to the execution of said written instrument, it was stipulated that defendant should pay plaintiff interest on seven thousand dollars, at the rate of one per cent per month." It is not sought by this action to bind defendant to perform anything more than that. .

We think the rulings of the court specified in the plaintiff's assignments of error, from i. to vi. inclusive, were erroneous. According to the views hereinbefore expressed, the special issues, numbers 6, 7, and 8, submitted to the jury, were wholly irrelevant.

Judgment and order reversed.

THORNTON J., and MYRICK, J., concurred.