LYDIA A. HAYFORD, AND FLAVEL HAYFORD, APPELLANTS, v. CATHERINE KOCHER ET AL., RESPONDENTS.

REFORMATION OF CONVEYANCE—HOMESTEAD—ACTION OF EJECTMENT.—The demanded premises were intended to be, but by mutual mistake were not, included in a conveyance of certain lands executed by the plaintiff Flavel Hayford, to the defendant Catherine Kocher. Afterwards a decree of reformation was made and entered by which the conveyance was made to include the omitted premises. After the execution of the conveyance and before the commencement of the action for its reformation, the plaintiff Lydia A. Hayford, wife of Flavel Hayford, selected the premises as a homestead, knowing at the time that the parties to the conveyance intended that the property should be included, and that it had been omitted by mutual mistake. *Held*, that no homestead rights attached to the property.

APPEAL from a judgment of the Superior Court of Merced County.

The action was ejectment. The remaining facts are stated in the opinion of the court.

*Moore, Laine & Johnston,* for Appellants.

*Breckinridge & Farrar,* for Respondents.

SHARPSTEIN, J.—The appeal being from the judgment alone, we are bound to assume that the findings are supported by the evidence. It appears, then, that the demanded premises were intended to be, but by mutual mistake were not, included in a conveyance of certain lands executed by the plaintiff Flavel Hayford to the defendant Catherine Kocher. Afterwards, in an action brought by said Kocher against said Hayford to have said conveyance reformed so as to include the demanded premises, a decree for such reformation was duly made and entered. After the execution of said conveyance, and before the commencement of said action for its reformation, the plaintiff Lydia A. Hayford, the wife of said Flavel Hayford, selected said premises as a homestead in the manner and form prescribed by the Code. At the time of making such selection, she knew of the intention of the parties to said conveyance to include said premises therein, and that they had been omitted by the mutual mistake of said parties. The right of the plaintiffs to recover the

demanded premises, depends on the validity of the selection of them by Lydia A. Hayford as a homestead, in the manner and under the circumstances above stated. "If the claimant be married, the homestead may be selected from the community property, or the separate property of the husband, or, with the consent of the wife, from her separate property." (Civ. Code, § 1238.) It can only be selected from the property of one or both of the spouses. When this selection was made, the demanded premises were not the property of either or both of the plaintiffs. One of them held the naked legal title. But he held it in trust for the defendant Kocher. Under such circumstances, the premises selected were not the property of the plaintiffs, or either of them, and the defendant could not be divested of her rights in it by the selection of it as a homestead by one or both of the plaintiffs. Such selection merely converted the property which one or both of the plaintiffs had in the premises into a homestead. It could not affect the pre-existing rights of the defendant Kocher in the property. And she had a right to have the conveyance from one of the plaintiffs to her reformed, so as to include the demanded premises.

Equity looks on that as done which ought to be done. By the reformation of the conveyance of Flavel Hayford to the defendant Kocher, no new right was conferred on the latter. The instrument was reformed so as to express truly the intention of the parties. It was the agreement to convey the premises to the defendant Kocher, which vested in her the property. The deed was simply the evidence of that agreement and intention, and if it did not truly express them, it was the right of either party to have it so reformed that it would.

None of the other alleged errors affect the substantial rights of the parties, and it is, therefore, unnecessary to discuss any of the other points presented by appellants. (Code Civ. Proc. § 475.)

Judgment affirmed.

THORNTON, J., and MYRICK, J., concurred.

Hearing in Bank denied.