[No. 8,387.   Department One.—January 21, 1885.]

## SAVINGS AND LOAN SOCIETY, RESPONDENT, *v.* MARY J. MEEKS ET. AL., APPELLANTS.

NEW TRIAL—DEFAULT.—A new trial cannot be had in cases of default.

APPEAL—JUDGMENT BY DEFAULT.—On an appeal from a judgment by default, not taken within sixty days after the entry of judgment, nothing can be reviewed except what appears on the judgment roll.

MARRIED WOMAN—MORTGAGE—CLERICAL MISTAKES—REFORMATION.—A mortgage of the separate real property of a married woman, properly executed and acknowledged by her, may be reformed so as to correct clerical mistakes in the description of the mortgaged premises, when such mistakes are confessed by the mortgagor.

APPEAL—ORDER MADE AFTER JUDGMENT—TRANSCRIPT.—On appeal from a judgment, and an order made after judgment, the transcript must contain a copy of the judgment; otherwise the appeal will be dismissed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, from an order refusing a new trial, from a judgment for a deficiency arising from a sale of mortgaged premises, and from an order refusing to set it aside.

The facts are sufficiently stated in the opinion of the court.

*E. A. & G. E. Lawrence,* for Appellant Mary J. Meeks.

The judgment against the appellant for the deficiency is erroneous. A married woman could not contract to pay money until July 11, 1874; hence the note was void as to her, and the judgment for the deficiency cannot stand. (*Marlow* v. *Barlew*, 53 Cal. 459; *Butler* v. *Baber*, 54 Cal. 178.) The court erred in reforming the description in the mortgage. (*Leonis* v. *Lazzarovich*, 55 Cal. 52; *Barrett* v. *Tewksbury*, 9 Cal. 14.)

*A. N. Drown*, for Respondent.

There can be no new trial in cases of default. (Hayne on New Trial and Appeal, § 343; Code Civil Proc., §§ 656, 588, and 590.) The appeal not being taken within sixty days after the rendition of judgment, nothing can be reviewed except what appears on the face of the judgment roll. (Code Civil Proc., § 939, subd. 1.) Clerical mistakes in a conveyance by a married woman may be corrected. (*Hamer* v. *Medsker*, 60 Ind. 413.)

McKee, J.—In this case there are four appeals. Of the first two, one is from a judgment by default, and the other from an order denying a motion for a new trial. Of the last two, one is from a judgment for a deficiency arising from the sale of mortgaged premises, and the other from an order denying a motion to vacate and set it aside.

1.  There can be no new trial in cases of default.

2.  The appeal from the judgment by default was not taken within sixty days after the entry of judgment, and nothing can be reviewed, except what appears on the judgment roll.

But the judgment roll shows: That on the 31st of March, 1874, the defendants, as husband and wife, mortgaged a tract of land as the separate real property of the wife, to secure payment of a promissory note given by them to the plaintiff for $1,800, moneys loaned and advanced to them, and such other sums of money, not exceeding a certain amount, as the plaintiff might advance to them before the satisfaction of the mortgage; that the description of the mortgaged premises was defective, in that the word " feet " was omitted after the words and figures " one hundred and seventy-five (175) ' and the words " at a right angle " were omitted after the word ' thence " in each of the last three calls of the description contained in the mortgage;

and that the court, at the final hearing, corrected the description of the mortgage in those particulars; awarded a decree of foreclosure of the mortgage as amended; and provided that, upon the coming in of the said sheriff's return and report of sale, judgment be entered and docketed herein in favor of plaintiff, and against said defendants, Mary J. Meeks and Washington Meeks, for any deficiency which may remain after applying the proceeds of sale as aforesaid; and that plaintiff have execution on such judgment.

It is contended that the court erred in reforming the mortgage, because the mortgage as reformed was not the act and deed of the wife, as it was not acknowledged by her as required by law.

But the original mortgage was acknowledged according to law, and the defendants confessed the alleged mistakes in the description of the mortgaged premises. The mistakes being confessed, the court had power to order them corrected. The judicial correction of confessed clerical mistakes in the description of mortgaged premises is not equivalent to ordering the execution of a new mortgage. It is merely carrying into effect the intention of the mortgagors. No new right was conferred. The instrument was reformed, so as to express truly the intention of the parties. (*Hayford* v. *Kocher*, 65 Cal. 389.) If such mistakes could not be corrected, gross wrong and injustice would result. By the reformation of the instrument and the correction of the mistakes, the object and policy of the statute, as to the conveyance of the separate property of a married woman, are not controverted or thwarted. (*Hamer* v. *Medsker*, 60 Ind. 413.)

The case of *Leonis* v. *Lazzarovich*, 55 Cal. 52, and *Barrett* v. *Tewksbury*, 9 Cal. 14, are distinguishable from this case. The first was an attempt to reform the deed of a married woman by making it include other lands than those conveyed by it; and the second was an action to compel a married woman to acknowledge a conveyance of her separate property. In neither of those cases had the court power to grant the relief demanded.

There is no error apparent on the judgment roll.

3. 4. The judgment of foreclosure provided for the entry and

docketing of a judgment for any deficiency remaining after a sale of the mortgaged premises. In the transcript there is an affidavit by Mary Meeks, to the effect that a sale of the mortgaged premises was had * * * and that the sheriff returned a deficiency of $179.85, which was docketed as a personal judgment against defendants on the 28th of October, 1881; and upon this affidavit it appears that she moved to vacate said supposed judgment, and her motion was denied, upon which she gave notice of appeal from the judgment, and from the order denying her motion. But there is no copy of such a judgment in the transcript, and the court may have denied the motion on the ground that no such judgment had been entered and docketed. Therefore, the appeals from the alleged judgment and order must be dismissed.

Judgment and order denying a new trial affirmed.

Appeals from alleged judgment for deficiency, and order denying motion to vacate the same, dismissed.

ROSS, J., and McKINSTRY, J., concurred.