[No. 19475. In Bank.—April 11, 1895.]

WILLIAM STEVENS, RESPONDENT, *v.* WOODFORD C. HOLMAN ET AL., APPELLANTS.

MORTGAGE — HOMESTEAD — REFORMATION OF DESCRIPTION — MISTAKE OF MORTGAGEE KNOWN TO MORTGAGOR.—Where a mortgage executed in due form by the husband and wife upon the homestead did not include all of the homestead premises which the husband and wife had agreed to mortgage, and the mortgagee accepted the mortgage under the mistaken belief that it included all the land agreed to be mortgaged, and the husband and wife knew that he so mistakenly believed, and that he was deceived in so believing, and that he accepted the mortgage with such mistaken belief, the mortgagee is entitled, under section 3399 of the Civil Code, to have the mortgage reformed so as to express the intention and agreement of the parties, and to have it foreclosed upon the homestead as thus reformed.

ID. — CONTRACT OF MARRIED WOMAN — EXECUTION — RIGHTS AND REMEDIES.—Although a married woman is not bound by any instrument not executed by her in the manner prescribed by the statute, yet, when she has duly executed a contract, she bears the same relation to it, and to rights and remedies under it, as any other contractor; and her con-

tract so executed is subject to reformation; and the fact that the contract to be reformed is a mortgage by the husband and wife upon the homestead is immaterial, provided the mortgage is executed by them in the manner prescribed by statute.

ID.—MISTAKEN DESCRIPTION—FAILURE TO INCLUDE PROPERTY.—An action lies to reform a mistaken description in a properly executed instrument; and, for the purpose of such action, there is no difference between a description which does not include all the property intended to be conveyed and a description which is defective in any other respect.

ID.—REFORMATION OF MORTGAGE—SUFFICIENCY OF SECURITY—PLEADING. A mortgagee is entitled to all the security for which he contracted; and a complaint in an action to reform a mistaken description of the land mortgaged by the inclusion of other land agreed to be mortgaged, need not aver that the mortgage, as mistakenly made, was insufficient security.

APPEAL from a judgment of the Superior Court of Los Angeles County. WALTER VAN DYKE, Judge.

The facts are stated in the opinion of the court.

*Bowen & Holloway, Joseph M. Kinley,* and *George H. Smith,* for Appellants.

The homestead of a married person can be conveyed or encumbered only in the manner provided by the legislature under the authority of the constitution. (Civ. Code, secs. 1093, 1241–43, 1261–63; *Cary* v. *Tice,* 6 Cal. 629; *Lubbock* v. *McMann,* 82 Cal. 229; 16 Am. St. Rep. 108; *Porter* v. *Chapman,* 65 Cal. 367; *Tipton* v. *Martin,* 71 Cal. 325; *Montana Nat. Bank* v. *Schmidt,* 6 Mont. 609; *Gleason* v. *Spray,* 81 Cal. 217; 15 Am. St. Rep. 47; *Dickinson* v. *McLane,* 57 N. H. 31; *Gagliardo* v. *Dumont,* 54 Cal. 496; *Poole* v. *Gerrard,* 6 Cal. 71; 65 Am. Dec. 481; *Powell* v. *Patison,* 100 Cal. 238; *Taylor* v. *Hargour,* 4 Cal. 273; 60 Am. Dec. 606; *Dollman* v. *Harris,* 5 Kan. 597; *Luther* v. *Drake,* 21 Iowa, 92.) A deed can be reformed as against a man because the acknowledgment is not a part of the execution; but as against a married woman, the deed cannot be reformed, because there would not be a free and voluntary execution of the same. (*Montana Nat. Bank* v. *Schmidt, supra; Mariner* v. *Saunders,* 5 Gilm. 125; *Mason* v. *Brock,* 12 Ill. 276; 52 Am. Dec. 490; *Petesch* v. *Hambach,* 48 Wis. 443; *Godfrey* v.

*Thornton,* 46 Wis. 677; *Meagher* v. *Thompson,* 49 Cal. 189; *Gagliardo* v. *Dumont, supra.*)   A *feme covert* can only be bound by a written instrument executed and acknowledged by her in the manner prescribed by law, and it is not competent for a court of equity to supply defects in description, any more than it can reform a certificate of acknowledgment. (*Leonis* v. *Lazzarovich,* 55 Cal. 52; *Barrett* v. *Tewksbury,* 9 Cal. 13; *Savings etc. Soc.* v. *Meeks,* 66 Cal. 373; *Merced Bank* v. *Rosenthal,* 99 Cal. 39; *Martin* v. *Dwelly,* 6 Wend. 1; *People* v. *Galloway,* 17 Wend. 540; *Jackson* v. *Stevens,* 16 Johns. 114; *McFarland* v. *Febigers,* 7 Ohio, 195; *Powell* v. *Monson etc. Mfg. Co.,* 3 Mason, 347; *Agricultural Bank* v. *Rice,* 4 How. 241; *Bank of Healdsburg* v. *Bailhace,* 3 West Coast Rep. 140; *Durfee* v. *Garvey,* 3 West Coast Rep. 356; *Joseph* v. *Dougherty,* 60 Cal. 360; *Danglarde* v. *Elias,* 80 Cal. 67; *Hand* v. *Hand,* 68 Cal. 140; 58 Am. Rep. 5; *Bollinger* v. *Manning,* 79 Cal. 11; *Banbury* v. *Arnold,* 91 Cal. 610; *Tolman* v. *Smith,* 74 Cal. 350; *Wedel* v. *Herman,* 59 Cal. 514; *Savings etc. Soc.* v. *Meeks, supra; Mathews* v. *Davis,* 102 Cal. 207; Civ. Code, secs. 1186, 1187.)   Before the court can relieve against the mistake of the parties, it must be a contract ineffectual by reason of an oversight and mistake by the contracting parties thus binding themselves, and, without this, the writing must be observed as written. (Civ. Code, secs. 1369, 1640.)   It is claimed that the understanding at the time the deed was drawn was to mortgage the entire property, but it is not claimed that the wife intended to acknowledge a deed comprising the entire homestead, nor that the notary took any such acknowledgment (*McLeran* v. *Benton,* 43 Cal. 467; *Pease* v. *Barbiers,* 10 Cal. 436; *Kendall* v. *Miller,* 9 Cal. 591; *Stillwell* v. *Adams,* 29 Ark. 346; *Hartley* v. *Farrell,* 9 Fla. 374; *Trustees* v. *Davison,* 65 Ill. 124; *Edgerton* v. *Jones,* 10 Minn. 27; *Willis* v. *Gattman,* 53 Miss. 721; *Rice* v. *Peacock,* 37 Tex. 392; *Laughlin* v. *Fream,* 14 W. Va. 322), and parol evidence will not supply the omission. (*Elliott* v. *Piersol,* 1 Pet. 328; *Jourdan* v. *Jourdan,* 9 Serg. & R. 268; 11 Am. Dec. 724.)   It nowhere

appears by the complaint, or in the findings, that the property actually mortgaged is insufficient to satisfy the mortgaged debt, and before a reformation can be had it must appear that plaintiff has been injured. (*Commissioners* v. *Younger*, 29 Cal. 172; *Kisling* v. *Shaw*, 33 Cal. 441; 91 Am. Dec. 644; *Morrison* v. *Lods*, 39 Cal. 381; *Purdy* v. *Bullard*, 41 Cal. 444.)

*Albert M. Stephens*, for Respondent.

The right to a reformation arises *ex contractu*, and the remedy follows, of course, whenever the right is shown, without reference to damage, or to the fact that the property actually covered by the mortgage was or was not equal in value at the time of the mortgage to the loan; and the creditor is entitled to all the security that he contracted for. The mortgage was executed and acknowledged by both husband and wife, and there is nothing peculiar in the execution of a mortgage upon a homestead which prevents a court of equity from making it conform to the truth; and courts of equity will reform a conveyance which does not express the intention of the parties, although it is required to be wholly in writing. (Civ. Code, secs. 3399, 3401, 3402; *Savings etc. Soc.* v. *Meeks*, 66 Cal. 371; *Hayford* v. *Kocher*, 65 Cal. 389; *Banbury* v. *Arnold*, 91 Cal. 610.)

McFARLAND, J.—This is an action for the reformation of a mortgage executed to plaintiff by the defendants, Holman and wife, and to foreclose the same. Judgment went for plaintiff, and defendants appeal from the judgment—bringing up the judgment-roll alone.

Respondent had a former note and mortgage from appellants; and appellants, desiring further time, agreed to give a new note and a mortgage to secure it covering certain described land. Respondent consented; whereupon the old note and mortgage were canceled, and the note and mortgage now in suit were given. But the description in the new mortgage did not include all the

land which appellants had agreed to mortgage. Respondent supposed that the description did include all such land, and accepted the mortgage under the mistaken notion that he was thereby getting a lien upon all the land which appellants had promised to mortgage. Appellants knew that the description did not embrace all said land; but they, and each of them, "knew that plaintiff believed that the mortgage, as executed by them to him, did include all the land they, and each of them, had agreed to mortgage as aforesaid, and that plaintiff was deceived in so believing, and took and accepted said mortgage with the mistaken belief that the same did embrace all the land said defendants' had agreed to mortgage to him."

If the appellants were both men, and there were no question of homestead rights involved, there would be no plausible objection to the judgment. But the land constituted the homestead of the appellants; and their counsel contend that, as a homestead can be conveyed or encumbered only by an instrument signed and acknowledged by both husband and wife, the acknowledgment of the latter to be in the form provided for the acknowledgment of married women, therefore there could be no reformation of the mortgage by the court, because such reformation would not have the sanction of the wife's acknowledgment.

But the provisions of the statute invoked merely prescribe the things which are requisite to the due *execution* of a written instrument by a married woman. It may be readily conceded that she is not bound by any instrument not executed by her in the manner prescribed by the statute. When, however, she has duly executed a contract, there is no reason why she does not bear the same relation to it, and to rights and remedies under it, as any other contractor. (See *Hamar* v. *Medsker*, 60 Ind. 413; *Savings etc. Soc.* v. *Meeks*, 66 Cal. 371.) And in the case at bar the contract—the mortgage—was duly executed by the appellants, the wife having signed and acknowledged it with all the formalities prescribed by the

code. If, therefore, the mortgage could have been rightfully reformed as decreed by the court, in case neither of the mortgagors had been a married woman, the decree was right as against the appellants. The fact that the land was a homestead cuts no figure; parties can contract as to their homestead as fully as to any other land, provided their contract be executed in the manner prescribed by statute. These views are sustained by the decision and opinion in *Savings etc. Soc.* v. *Meeks*, 66 Cal. 371. There the lower court had reformed a mortgage upon land which was the separate property of the wife, so as to make it describe the land intended to be mortgaged; and we see no difference in principle between that case and the one at bar. It was there contended that "the court erred in reforming the mortgage, because the mortgage as reformed was not the act and deed of the wife, as it was not acknowledged by her as required by law." But the court said: "It is merely carrying into effect the intention of the parties. No new right was conferred. The instrument was reformed so as to express truly the intention of the parties. (*Hayford* v. *Kocher*, 65 Cal. 389.) If such mistakes could not be corrected, gross wrong and injustice would result. By the reformation of the instrument, and the correction of the mistakes, the object and policy of the law as to the conveyance of the separate property of a married woman are not controverted or thwarted." In *Hayford* v. *Kocher*, *supra*, Flavel Hayford had made a conveyance to Kocher in which certain premises were "intended to be, but by mutual mistake were not, included." Kocher afterward, in an action against Flavel, had the conveyance reformed so as to include said premises. But before the reformation Flavel's wife, Lydia Hayford, selected said premises as a statutory homestead. The two Hayfords then brought an action in ejectment to recover said premises, upon the theory that there could be no judicial reformation of a conveyance affecting a homestead; they were defeated in the lower court, and the judgment was affirmed here. But if the home-

stead had existed at the time of the conveyance, and the wife had duly executed the conveyance in the manner as prescribed by the statute, must not the judgments in the suit for reformation and in the action of ejectment have been, upon principle, the same?

Counsel for appellants cite *Barrett* v. *Tewksbury*, 9 Cal. 14; *Leonis* v. *Lazzarovich*, 55 Cal. 52. The former case is not at all in point; for there it was merely held that the consent of a married woman to *execute* an instrument must be perfectly free; and that " it is not in the province of a court of equity to compel a married woman to correct an insufficient acknowledgment." *Leonis* v. *Lazzarovich, supra,* lends some support to appellants' contention; but that case, in the character of the action and the substance of the judgment, is different from the case at bar; and the *form* of the judgment was evidently the thing most prominent in the mind of the court when the opinion was delivered. That action was evidently not for the reformation of a conveyance which had been already properly executed by a married woman, but for a decree compelling her to execute another conveyance. The court, in its opinion, says: "Was it within the equitable powers and jurisdiction of the court below to decree, as it did, that the defendant should, within a certain time fixed by the decree, execute to the plaintiff her deed conveying lands not described in any deed or other written instrument, and, in case she made default, that such deed should be executed by the clerk of the court? That is *what the court did* by its decree; and it is the correctness of *such proceeding* that we are now called upon to review." It is true that in the opinion there are some statements about the reformation of a married woman's deed which are inconsistent with *Savings etc. Soc.* v. *Meeks, supra;* but they are mainly *dicta,* and if any of them can be considered as forming a part of *the decision* they must be held as overruled by the case last above mentioned. (See, also, *Banbury* v. *Arnold,* 91 Cal. 610.) When a conveyance, mortgage, or other contract of a married woman has been duly

executed by her as provided by statute, it is subject to reformation in like manner as the contract of any other person. In such a case she has no special license to insist upon a wrong caused by fraud or mistake.

Most of the adjudged cases upon the subject deal with mutual mistakes; but the code provides expressly for the kind of mistake involved in this action. By section 3399 of the Civil Code it is enacted as follows: "When, through fraud or a mutual mistake of the parties, or a mistake of one party, *which the other at the time knew or suspected,* a written instrument does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it may be done without prejudice to rights acquired by third parties in good faith."

There is no difference between a description which does not include all the property intended to be included, and a description which is defective in any other respect. In either instance an action for a reformation lies. *Hayford* v. *Kocher, supra,* is an instance of the one kind; *Savings etc. Soc.* v. *Meeks, supra,* is an instance of the other.

We see nothing in the point that there is no averment in the complaint that the mortgage as mistakenly made is not sufficient security. Respondent was entitled to all the security for which he contracted

The judgment is affirmed.

GAROUTTE, J., VAN FLEET, J., HARRISON, J., and HENSHAW, J., concurred.

TEMPLE, J., dissenting.—I dissent. The mortgage in question here was executed February 9, 1889, long before the provisions of the code requiring conveyances of married women to be executed in a special mode were repealed. The complaint charges that certain parts of the homestead which defendant had agreed to mortgage were omitted by mutual mistake. Defendants denied that they ever made such promise, and that

there was any mistake. The court found that plaintiff supposed that the mortgage was to include the entire homestead, and that defendants knew that such was his understanding, but they knew that it did not include the homestead, and did not intend that it should.

In other words, the wife signed and acknowledged the mortgage, after having it explained to her that it did not cover the entire homestead, and would not have executed it if it had included it, and now, on a finding that her husband practiced a fraud upon plaintiff, the court is asked to hold that she did execute such a mortgage, and acknowledged that she did so freely and voluntarily, and that, after being made acquainted with its contents she did not wish to retract the execution of the same.

To my mind the mere statement has the force of a demonstration, but the identical question was settled by this court in *Leonis* v. *Lazzarovich*, 55 Cal. 52. This decision has been frequently affirmed by this court.

The finding that the defendants promised and agreed to mortgage to plaintiff the entire homestead is not supported by the evidence. No such agreement could be made except by an instrument signed and acknowledged by both husband and wife.

The action is really to enforce specific performance of a parol contract to give a mortgage upon the homestead. To so decree is, in my opinion, to violate the law.