[S. F. No. 19116. In Bank. June 6, 1956.]

LEMOGE ELECTRIC (a Corporation), Appellant, v. COUNTY OF SAN MATEO, Respondent.

John F. O'Dea for Appellant.

Keith C. Sorenson, District Attorney, and Howard E. Gawthrop, Deputy District Attorney, for Respondent.

GIBSON, C. J.—Plaintiff corporation, a licensed electrical contractor, brought this action for reformation of a contract with defendant county, and it appeals from a judgment for defendant after the sustaining of a general demurrer without leave to amend.

The allegations of the complaint may be summarized as follows: Plaintiff submitted a bid for $172,421 for electrical work to be done at the county hospital. This bid was found to be the lowest, and, when defendant announced that the bids of other contractors ranged from $197,500 to $222,700, plaintiff realized that some material mistake had been made

in the preparation of its bid. The contract was not awarded at that time, defendant having reserved a 30-day period in which to act. Prompt investigation by plaintiff revealed that in its work sheets the cost of certain materials amounting to $10,452 had inadvertently been listed by a clerk as $104.52. This mistake, considered with the applicable sales tax and "mark-up" for overhead and profit, resulted in an understatement of bid in the amount of $11,744.39. When the mistake was discovered plaintiff immediately notified defendant and furnished it with work sheets and adding machine tapes showing the error. With knowledge of the mistake and what caused it, defendant accepted the erroneous bid and attempted to bind plaintiff to the consequences of the error. Plaintiff requested that the bid be adjusted to compensate for the error, but defendant refused to allow the correction. It is further alleged that the mistake was of such a material and fundamental character that there has been no meeting of the minds of plaintiff and defendant.

Two questions are presented on this appeal. Does the complaint allege sufficient facts to entitle plaintiff to reformation? Did the court err in sustaining the demurrer *without leave to amend?*

Once opened and declared, plaintiff's bid was in the nature of an irrevocable option, a contract right of which defendant could not be deprived without its consent unless the requirements for rescission were satisfied. (*M. F. Kemper Const. Co.* v. *City of Los Angeles,* 37 Cal.2d 696, 700 [235 P.2d 7].) Plaintiff then had the right to rescind, and it could have done so without incurring any liability on its bond. (*M. F. Kemper Const. Co.,* 37 Cal.2d 696, 702-705 [235 P.2d 7].) But plaintiff did not rescind. Instead, according to statements made by plaintiff in its briefs and at oral argument, it entered into a formal contract with defendant on the terms specified in the bid and proceeded to perform the required work. It is not claimed that defendant at any time agreed to pay plaintiff an amount greater than the sum designated in the bid. There was no element of fraud or failure to disclose; neither party knew of the error until after the bids were opened, and both parties knew of it before the bid was accepted or the formal contract was executed. The facts alleged do not entitle plaintiff to reformation, and, in view of other facts admitted by plaintiff, there is no reasonable possibility that the complaint can be amended to state a cause of action on any theory.

The purpose of reformation is to correct a written instrument in order to effectuate a common intention of both parties which was incorrectly reduced to writing. (*Bailard* v. *Marden*, 36 Cal.2d 703, 708 [227 P.2d 10].) In order for plaintiff to obtain this relief there must have been an understanding between the parties on all essential terms, otherwise there would be no standard to which the writing could be reformed. (*Bailard* v. *Marden*, 36 Cal.2d 703, 708 [227 P.2d 10]; *McConnell* v. *Pickering Lbr. Corp.*, 217 F.2d 44, 48-49; see 5 Williston on Contracts (rev. ed. 1937), § 1548, p. 4339; Rest., Contracts, § 504, com. b; 45 Am. Jur. 586-587, 609-610.) Section 3399 of the Civil Code* incorporates this principle by providing that, under specified conditions, a written contract which does not truly express "the intention of the parties" may be revised so as to set forth "that intention." As pointed out in *Bailard* v. *Marden*, *supra*, this language refers *to a single intention which is entertained by both parties*. (36 Cal.2d at p. 708.)

Reformation may be had for a mutual mistake or for the mistake of one party which the other knew or suspected, but in either situation the purpose of the remedy is to make the written contract truly express the intention of the parties. Where the failure of the written contract to express the intention of the parties is due to the inadvertence of both of them, the mistake is mutual and the contract may be revised on the application of the party aggrieved. (See *e. g. Mills* v. *Schulba*, 95 Cal.App.2d 559 [213 P.2d 408].) When only one party to the contract is mistaken as to its provisions and his mistake is known or suspected by the other, the contract may be reformed to express a single intention entertained by both parties. (*Stevens* v. *Holman*, 112 Cal. 345 [44 P. 670, 53 Am.St.Rep. 216]; *Higgins* v. *Parsons*, 65 Cal. 280 [3 P. 881]; *Eagle Indem. Co.* v. *Industrial Acc. Com.*, 92 Cal.App.2d 222 [206 P.2d 877]; see *Hanlon* v. *Western Loan & Bldg. Co.*, 46 Cal.App.2d 580 [116 P.2d 465].) Although a court of equity may revise a written instrument to make it conform to the real

---

*Section 3399 of the Civil Code reads: "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised, on the application of the party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value."

agreement, it has no power to make a new contract for the parties, whether the mistake be mutual or unilateral. (*Bailard* v. *Marden,* 36 Cal.2d 703, 708 [227 P.2d 10]; *Burt* v. *Los Angeles Olive Growers Assn.,* 175 Cal. 668, 674-675 [166 P. 993]; 5 Williston on Contracts (rev. ed., 1937), § 1549, pp. 4344, 4345; Rest., Contracts, § 504, com. c; 45 Am.Jur. 587-588.) As we have seen it is not alleged that defendant ever agreed to pay plaintiff an amount greater than the sum designated in the bid, and the complaint therefore does not state facts entitling plaintiff to reformation.

 In the furtherance of justice great liberality should be exercised in permitting a plaintiff to amend his complaint, and it ordinarily constitutes an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable possibility that the defect can be cured by amendment. (*Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 717 et seq. [128 P.2d 522, 141 A.L.R. 1358]; *Guilliams* v. *Hollywood Hospital,* 18 Cal.2d 97, 104 [114 P.2d 1]; see Code Civ. Proc., § 472c; *MacIsaac* v. *Pozzo,* 26 Cal.2d 809, 815-816 [161 P.2d 449]; *Klopstock* v. *Superior Court,* 17 Cal. 2d 13, 19-20 [108 P.2d 906, 135 A.L.R. 318].) But it is clear, in view of what has been said, that plaintiff cannot amend its complaint so as to state a cause of action for reformation or rescission. Nor has plaintiff shown how the complaint can be amended to state a cause of action in quasi contract. In the circumstances existing here recovery on this theory would necessarily have to be based on the assumption that no contract ever existed. As we have seen when the bids were opened defendant had an irrevocable option to bind plaintiff to perform the work at the specified figure, and defendant could not be deprived of this right without its consent unless the requirements for rescission were satisfied. (*M. F. Kemper Const. Co.* v. *City of Los Angeles,* 37 Cal.2d 696, 700 [235 P.2d 7].) Plaintiff failed to assert its right to rescind, defendant accepted the bid, and plaintiff entered into a formal contract which incorporated the terms of the bid. Neither party was under any misapprehension as to what the provisions of the formal contract were, and since there was an express contract for a sum certain, plaintiff cannot recover on the theory of an implied contract for the reasonable value of services performed. We need not, therefore, consider the applicability of the general rule that, where a statute requires that a contract must be let by competitive bidding, a person cannot recover in quasi contract

for labor or materials furnished. (See *Miller* v. *McKinnon,* 20 Cal.2d 83, 88 [124 P.2d 34, 140 A.L.R. 570] ; *Reams* v. *Cooley,* 171 Cal. 150, 151 et seq. [152 P. 293, Ann.Cas. 1917A 1260] ; *Gamewell Fire Alarm Tel. Co.* v. *Los Angeles,* 45 Cal. App. 149, 154 [187 P. 163].)

Plaintiff had a remedy, which it chose not to exercise, that would have relieved it of any hardship that could result from its error. However, instead of rescinding, plaintiff, with full knowledge of its mistake, proceeded to perform the contract, and it cannot now compel defendant to pay the amount which it claims it intended to bid or obtain recovery on a quasi contractual basis as if no contract existed. Such a result would not only be contrary to settled legal principles, but it would also create uncertainty and confusion in the field of competitive bidding.

The judgment is affirmed.

Carter, J., Traynor, J., Spence, J., and McComb, J., concurred.

SCHAUER, J., Dissenting.—This case is before us on appeal from a judgment of dismissal after the sustaining of a general demurrer without leave to amend. As stated in the majority opinion, ''In the furtherance of justice great liberality should be exercised in permitting a plaintiff to amend his complaint, and it ordinarily constitutes an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable possibility that the defect can be cured by amendment. [Citations.]'' Nevertheless, the majority opinion, with unjust strictness rather than with liberality, refuses to permit plaintiff the opportunity to amend and forecloses plaintiff from any remedy for a mistake of which (it must be conceded for the purpose of this appeal) defendant sought to take advantage although, as alleged by plaintiff, defendant knew that the mistake occurred under circumstances which made it the result of excusable inadvertence and not the result of neglect of a legal duty.

In my opinion plaintiff has alleged facts sufficient to show that it might unambiguously state a cause of action on the one hand for recovery on a contract at a corrected figure or on the other hand for the reasonable value of the work and materials furnished. Plaintiff's allegations, tested by the general demurrer, are sufficient to show that no express contract was formed at the mistaken figure stated in the bid; that with

full knowledge that the bid was based on a mistake, defendant sought to create a contract incorporating such mistake by purported acceptance of the offer which was purportedly represented by the bid; but that, although defendant did all that it could to accept the mistaken bid with knowledge of the mistake, the only offer which it could and did accept was an offer which it knew plaintiff intended to make.

Plaintiff has alleged particular facts by which it attempts to bring the case within the provision of section 3399 of the Civil Code that "When, through . . . a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention . . ."; i. e., an intention, plaintiff argues, to contract at a corrected figure. Plaintiff should have been allowed an opportunity to have made its complaint clear either by allegations showing such intention and removal from the complaint of the more general—and possibly immaterial—allegation that "there has been no meeting of the minds of plaintiff and defendant," or by allegations showing a quasi-contractual cause of action; i. e.: when defendant, knowing plaintiff's bid excusably expressed a mistake, attempted to accept the bid and form, and unjustly profit by, a contract based on the erroneous figure stated in the bid, no contract was formed at that figure; nor was a contract formed at the figure to which plaintiff subsequently attempted to correct the bid, for that figure was not known to defendant at the time it purported to accept the bid; since no contract was formed at either figure but since it is manifest in equity and good conscience that defendant should pay for the work and materials which it accepted the law implies a promise to pay their reasonable value.

On the basis of plaintiff's allegations it does not appear that it should be adjudged, by upholding the dismissal after the sustaining of the general demurrer without leave to amend, that plaintiff *could not* state any cause of action. I would reverse the judgment.

SHENK, J.—I dissent.

On the undisputed facts of the case section 3399 of the Civil Code was properly invoked by the plaintiff and it is entitled to relief by reformation. The record shows that on January 19, 1954, the board of supervisors of the defendant county opened bids for electrical work in connection with

the county hospital. The bid of the plaintiff was the lowest. The board had reserved the right to reject any and all bids and to accept none for 30 days. No award of contract was made on the day the bids were opened nor until February 2d.

On January 22, 1954, three days after the bids were opened, the plaintiff informed the board of supervisors by letter of an error as to one item. This item was mistakenly listed as $104.52 when it should have been $10,452. The plaintiff submitted to the board its work sheets and machine tapes indicating the mistake in the placing of the decimal point. The error was brought to the county's attention immediately after the plaintiff became aware of it and an earnest and diligent effort was made to have the county recognize the error and approve its correction. Had the correction been made as requested the plaintiff would still have been the lowest bidder. Nevertheless, on February 2d, the board by resolution accepted the erroneous bid.

By the present action, commenced within 22 days after the action of the board of supervisors in accepting the erroneous bid, the plaintiff sought a reformation of the contract. It has in good faith performed the contract in compliance with the demands of the county. It is conceded that section 3399 of the Civil Code is controlling. That section provides in part: "When, through . . . mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised, on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value." The rights of third parties were not involved.

The court holds that the purpose of reformation is to effectuate a *common* intention of both parties. But this is not its sole purpose. Another just as clear and distinct purpose is to permit "revision," which is "reformation" when there is a mistake of one party which is known to the other at the time the contract comes into being, and in this case that was when the plaintiff's bid was accepted on February 2d. Both parties knew of the mistake as early as January 22d.

It may be assumed that if an inadvertent error is discovered by one party after the contract is executed, and is not known to the other party prior thereto, reformation would not lie. (*Bailard* v. *Marden,* 36 Cal.2d 703 [227 P.2d 10].) But that is not this case. The bid of a contractor in response to a request for bids constitutes only an offer, and contractual

rights binding both parties come into being only upon the acceptance of the bid and the award of the contract. (*Argenti* v. *San Francisco,* 16 Cal. 255; 12 Cal.Jur.2d 203.) Here the county had at most an option to accept the offer of the plaintiff within the 30 day period. The option was outstanding until it was exercised by the county. Until then it did not constitute the contract for construction work. (*Bruce* v. *Mieir,* 120 Cal.App. 287 [7 P.2d 1037]; 12 Cal.Jur.2d 204.)

The result of the court's decision is that the action of the defendant is condoned in compelling the plaintiff to accept $104.52 for $10,452 worth of work and materials furnished and under circumstances which should have impelled the board to grant the request of the plaintiff to correct the error. As shown the mistake consisted in the clerical error as to one item of placing the decimal point two places to the left, making a difference on its face of over $10,000. The request was promptly made and was so obvious from the work sheets produced by the plaintiff that no possible prejudice could have resulted to the county inasmuch as with the item as corrected the plaintiff was still the lowest bidder.

There can be no question but that the plaintiff has a cause of action for reformation under section 3399 of the Civil Code. It should not be foreclosed from amending the complaint. The Kemper case (*M. F. Kemper Const. Co.* v. *County of Los Angeles,* 37 Cal.2d 696 [235 P.2d 7]) is not in point. That was a case in rescission. It is conceded that the plaintiff could have proceeded for that form of relief. But it was not compelled to do so. To thus relegate the cause of action would be to compel the plaintiff to forego the benefits of the contract to which it was plainly entitled.

If the facts alleged were applied to a controversy between private parties the defendant would not under the circumstances here shown be justified in retaining the benefit of over $10,000 worth of materials and services without paying for them. The fact that the defendant in this case happens to be a public entity should not clothe it with immunity in perpetuating such an injustice as is here permitted. (See *Farrell* v. *County of Placer,* 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323].) I would reverse the judgment.

Appellant's petition for a rehearing was denied July 5, 1956. Shenk, J., and Schauer, J., were of the opinion that the petition should be granted.