[No. 8981.  In Bank. — November 30, 1885.]

## MARY ANN HAND, APPELLANT, v. JOHN S. HAND, RESPONDENT.

MARRIED WOMAN — DEED — ACKNOWLEDGMENT — ESTOPPEL. — The plaintiff is a married woman, her marriage having been contracted in *England* in the year 1855, of which country her husband then was, and ever since has been, a resident.  Since the year 1863, the plaintiff has been living in California, separate and apart from her husband, and up to the year 1878, in meretricious relations with the defendant, passing as his wife, and completely ignoring her marriage.  In 1873, she conveyed to the defendant certain real property acquired by her in California.  The certificate of acknowledgment to the deed of conveyance was in the ordinary form, and not in that prescribed by the statute for the acknowledgment of a married woman.  *Held,* that the plaintiff could not avoid the deed on account of the defective acknowledgment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*George D. Shadburne,* for Appellant.

*Lloyd & Wood,* for Respondent.

MORRISON, C. J.—This case, which comes before us on the judgment roll, is a suit to quiet title to certain lots of land in the city of San Francisco. It is conceded that the property in question was at one time owned by the plaintiff, it having been purchased and paid for with her separate funds. But it is claimed that the defendant has succeeded to the ownership thereof by virtue of certain instruments, executed by the plaintiff to the defendant. The sufficiency of those instruments to convey the title is the question before us. It was held in the Superior Court that the defendant had acquired the title of the plaintiff, and judgment was rendered in his favor. The appeal is from that judgment.

It appears from the findings in the case that the plaintiff was a married woman, her husband being a resident of England, but for a great many years living separate and apart from her husband. As early as 1863, a meretricious union was formed by plaintiff and defendant, and they had lived in California as husband and wife from 1863 down to the year 1878. The first finding is, "that plaintiff is, and ever since the sixth day of October, 1855, hath been, the lawful wife of one William Nickels."

"2. That during all this time the said William Nickels hath been and still is a resident of Colchester, England, and hath never been in the state of California, or in the United States of America.

"3. That plaintiff and said Nickels have not lived or cohabited together since 1863, but that plaintiff and defendant lived and cohabited together as husband and wife from 1863 to 1878; that plaintiff has been a resident of this state continuously since 1868."

It is conceded on both sides that the certificate of acknowledgment to the deed attempting to convey the property in question, made by plaintiff to defendant under the name of Mary Ann Hand, on the thirteenth day of August, 1873, is not in the form prescribed by the

statute for the deeds of married women, but as the eleventh finding shows, is in the form prescribed by the statute for the acknowledgment of a *feme sole*, and not in the form prescribed for the acknowledgment of a married woman. Afterward, to wit, on the twenty-seventh day of July, 1878, she executed another instrument to the defendant, acknowledged in like manner, which said instrument was in the name of Mary Ann Halls.

But was the conduct of the plaintiff such as to take from her the right to invoke the statute referred to for the purpose of defeating her deed? We are of the opinion that it was. During the entire period of her residence in California, she was never known as the wife of Nickels, but passed as the wife of Hand, with whom she was living as his wife, but to whom it is not pretended she ever was married; and a part of the time she passed by her maiden name of Mary Ann Halls. Indeed, she had done all she could do, in the absence of a legal divorce, to separate herself from her lawful husband, and after many years ignoring her husband, she seeks to avail herself of the plea of marriage to defeat an instrument made and delivered by her as her deed. This case does not differ in principle from that of *Reis* v. *Lawrence*, decided by this court, and reported in 63 Cal. 129. (See also *Rosenthal* v. *Mayhew*, 33 Ohio St. 155.)

There are other points made by the respondent, but it is not necessary to consider them, as we think the judgment must be affirmed on the one already stated.

Judgment affirmed.

MYRICK, J., concurred.

THORNTON, J., concurred in the judgment.

Ross, J., concurring.—I agree that the plaintiff should be regarded as a single woman. The property to which she asserts title was acquired by her in this state. Her husband has never been within the United States. For

twenty odd years she has repudiated her marital relations, and conducted herself without regard to them. Under such circumstances, to permit her to fall back upon them and avoid her deed, on the ground that the certificate of the notary does not recite that she was examined "separate and apart" from her husband, with whom she has held no relations for more than twenty years, and who has never been in this country, seems to me to be beyond all reason. I therefore concur in the conclusion reached by the Chief Justice.

McKEE, J., dissenting.—I dissent. Determination of an adverse claim made by the defendant to the parcels of land described in the complaint in this case was the object of the action.

The adverse title asserted by the defendant is one which he claims to have derived directly from the plaintiff herself.

The decision of the court below informs us that the plaintiff is, and since the year 1855 has been, a married woman, the lawful wife of one William Nickels, to whom she was married in England, and with whom she there lived and cohabited until 1863, when, it appears, she voluntarily left her husband and England, and took up with the defendant, with whom she has since lived in adulterous intercourse until 1878, part of the time—i. e., from 1868 to 1878—in the city and county of San Francisco, he knowing all the time that the woman was the wife of Nickels.

In February, 1871, during the existence of those meretricious relations between the parties, the plaintiff purchased, with separate funds of her own, the real estate in controversy, and became seised in fee of the same as her sole and separate estate; and in the year 1873 she subscribed and delivered to the defendant an instrument in writing, reciting that in consideration of one dollar she granted, bargained, sold, and conveyed to him the said property.

The acknowledgment of the instrument was made in the month of September, 1873, by the plaintiff, as a *feme sole;* and the instrument itself was not recorded until the year 1877.

In August, 1878, the parties executed another instrument in writing as a release, in which, after a recital that they "have lived together and cohabited without any marriage between them, and that it is now the wish of each of said parties that the said relations existing between them should be dissolved, and forever cease and determine," it was agreed that the plaintiff "shall have, hold, and possess, free and clear of any claim or demand whatsoever," of the defendant, "all the real estate, wheresoever situate, now standing of record in her name," etc.; and the defendant "shall have, hold, and possess, free and clear of any demand whatsoever," of the plaintiff, "all the real estate, wheresoever situate, now standing of record in his name," etc., "it being the purpose and intent of this instrument that the said parties shall go their several ways, each, in all things whatsoever, to live according to his or her tastes and desires," and that, "hereafter and forever," the estates and properties of either shall be entirely free, clear, and discharged of any claims and demands of the other. The instrument was acknowledged by the plaintiff, and was certified to have been acknowledged by her in the same way that the alleged deed had been acknowledged, that is to say, as a *feme sole.*

On these facts, the court below decided that the alleged deed of August, 1873, was translative of the title of the woman to the defendant, and vested in him ownership in fee of the property.

I think the decision is against the evidence and law; because, as the conveyance of the separate estate of a married woman, the alleged deed was a nullity. A married woman, although living adulterously with another, can convey her separate real property without the con-

sent of her husband.   But the law has regulated for her, as it has done for every one capacitated to transfer property, the mode by which she may transfer her separate real property, and she cannot transfer it in any other mode than that prescribed by the law.   Section 1093 of the Civil Code declares: "No estate in the real property of a married woman passes by any grant purporting to be executed or acknowledged by her, unless the grant or instrument is acknowledged by her in the manner provided by sections 1186 and 1191."

Acknowledgment in the mode provided by law, certified to have been made according to law, is an essential element in the deed of a married woman.   If it be wanting in an instrument purporting to be executed by her, the instrument is ineffectual to pass her title to her separate real property.   Sections 1093 and 1187 declare that a conveyance by a married woman " has no validity until acknowledged" as required by law.

There was no evidence, and there is no finding in the case, that any legal acknowledgment in fact was made by the plaintiff, nor is there any such acknowledgment certified by the officer taking it to have been made. Neither the acknowledgment nor the certificate of acknowledgment is according to the law regulating the transfers of the real property of a married woman, and the instrument upon which the defendant bases his right is, as a conveyance, wholly invalid and ineffectual to pass to him the title of the plaintiff.   (*Bank of Healdsburg* v. *Bailhace*, 65 Cal. 327; *McLeran* v. *Benton*, 40 Cal. 467; *Leonis* v. *Lazzarovich*, 55 Cal. 52.)

But it is insisted that as the plaintiff acted and represented herself as a *feme sole*, she is estopped to deny the validity of the instrument as a conveyance.

That assumption is not founded in the facts of the case.   There was no evidence given that she acted and represented herself as a *feme sole*.   Certainly not to the defendant, for he all along knew her true *status*.   It is

true that she concealed from the public the fact that she was the wife of Nickels; but defendant, as her paramour, was not ignorant of the fact; he knew it all along, and joined the plaintiff in promulgating the falsehood as to her marital relations with another. As *particeps criminis*, how, then, was the defendant deceived by any act or representation of the plaintiff?

As I understand it, the doctrine of estoppel can only be invoked to preclude a party who has made a false representation knowingly, with intent that it should be acted upon, from denying its truth as against the party to whom it was made, provided the latter was ignorant of its falsity, and believing it to be true, acted upon it to his damage. (*Davis* v. *Davis*, 26 Cal. 23.) On that principle a majority of this court decided the case of *Reis* v. *Lawrence*, 63 Cal. 129. But there is in this case no feature in common with that. In that Reis was an innocent party; in this the defendant was not. In that the woman acted fraudulently and upon a false representation, to the damage of Reis; in this the woman made no false representation to the defendant. He was therefore neither deceived nor injured by any act or representation of her. The court finds: "That during all of the time from 1863 to 1880 the defendant well knew and had knowledge that plaintiff was the wife of said William Nickels"; and there was no evidence, and there is no finding that the defendant ever paid a single dollar to the plaintiff, not even the nominal consideration mentioned in the alleged deed. That being the case, the title to the property in controversy "stood of record" in the name of the plaintiff at the commencement of the action, and according to the agreement of the defendant, it belonged to her, "free and clear of any claim or demand" by him.

I think the judgment should be reversed.

Rehearing denied.