[No. 19345. In Bank.—August 18, 1894.]

# JANE RAMBOZ, APPELLANT, *v.* N. W. STOWELL, RESPONDENT.

DEED OF MARRIED WOMAN—ACKNOWLEDGMENT AS SINGLE—FALSE REPRESENTATIONS—ESTOPPEL OF SUBSEQUENT DONEE.—Where a married woman, who was living apart from her husband, before and at the time of the execution of a deed by her of her separate property, falsely represented to the agent of the grantee that she was a widow, and acknowledged the deed as a single woman, intending thereby to deceive the grantee, who acted upon such representations, believing them to be true, not only in paying the purchase money, but in paying all the taxes and street assessments during the period of thirteen years, without notice of the falsity of the representations, or that the grantor intended to lay any claim to the land prior to the commencement of an action to quiet title by her daughter, to whom she subsequently conveyed the property without a valuable consideration, and who took the deed with knowledge of the prior deed, the plaintiff in such action is estopped from denying that her mother was a widow at the time she acknowledged her deed to the prior grantee.

TRIAL—RESERVATION OF RULING UPON OBJECTIONS TO EVIDENCE—HARMLESS FAILURE TO RULE.—The failure of the court to decide whether or not evidence, which was temporarily admitted under objection to be passed upon prior to judgment, was admissible, is not prejudicial error where all the evidence was either properly admissible or harmless.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Davis & Mathews,* and *C. C. Stephens,* for Appellant.

The defendant cannot claim that plaintiff is estopped, as no estoppel is pleaded. (*Davis* v. *Davis,* 26 Cal. 38; 85 Am. Dec. 157.) It was error for the court to reserve its ruling upon the evidence offered, and not to pass

upon the same. (Hayne on New Trial and Appeal, sec. 36; *Sharp* v. *Lumley*, 34 Cal. 614; *Mayo* v. *Mazeaux*, 38 Cal. 445.)

*William D. Stephens*, for Respondent.

A married woman is estopped by her acts and conduct as if she were single from setting up the claim that she was married. (*Reis* v. *Lawrence*, 63 Cal. 129; 49 Am. Rep. 83; *Hand* v. *Hand*, 68 Cal. 135; 58 Am. Rep. 5; *Rosenthal* v. *Mayhugh*, 33 Ohio St. 155; *Patterson* v. *Lawrence*, 90 Ill. 174; 32 Am. Rep. 22; *Oglesby Coal Co.* v. *Pasco*, 79 Ill. 164; *Burns* v. *McGregor*, 90 N. C. 222; 2 Pomeroy's Equity Jurisprudence, sec. 814; *Richeson* v. *Simmons*, 47 Mo. 20; 2 Hermann on Estoppel, pars. 1103–06, 1108, 1109; *Bodine* v. *Killeen*, 53 N. Y. 93; *Spafford* v. *Warren*, 47 Iowa, 47.) The estoppel operates on those purchasing under her, except *bona fide* purchasers for a valuable consideration, without notice. (*Hutchinson* v. *Ainsworth*, 73 Cal. 452; 2 Am. St. Rep. 823.)

VANCLIEF, C.—Action to quiet title to a lot of land in the city of Los Angeles. It is admitted that Margaret J. Starkey was the owner of the lot in question on June 13, 1878, as her separate property, and both parties claim title from her. On that day Mrs. Starkey, for a valuable and sufficient consideration, signed, sealed, and delivered to Helen L. Grinnell a deed of the lot, the acknowledgment of the execution of which was certified by a notary public (A. C. Holmes) in the form required for an unmarried woman, and not otherwise, and the deed was recorded on the same day. On September 19, 1887, Helen L. Grinnell, in consideration of eleven thousand dollars, conveyed the lot to defendant by deed recorded October 4, 1887. On May 13, 1891, Mrs. Starkey, for the nominal consideration of one hundred dollars, but without any valuable consideration, conveyed the lot to plaintiff, who is her daughter, and who, on the following day (May 14, 1891), com-

menced this action.   At the date of the deed to plain-
tiff she had actual notice of the prior deed of her
mother to Helen L. Grinnell.

The trial court gave judgment for defendant upon
the finding that the plaintiff was estopped from denying
that Mrs. Starkey was a widow at the time she acknowl-
edged her deed to Helen L. Grinnell; and whether or
not this finding is supported by the pleadings and is
justified by the evidence are the only questions requir-
ing special consideration.

That the answer states facts sufficient to constitute an
estoppel within the rule deducible from the cases of
*Reis* v. *Lawrence*, 63 Cal. 129, 49 Am. Rep. 83, and
*Hand* v. *Hand*, 68 Cal. 135, 58 Am. Rep. 5, I have no
doubt.

As to the sufficiency of the evidence, it is admitted
that Mrs. Starkey was married to Thomas Starkey
in Ohio, in 1844; that she and her husband lived
together until some time in 1869, when they separated
at Chicago, Illinois; that in 1870 she came to Los
Angeles in this state, where she continuously resided
until 1880, except that in 1877 she visited Chicago for
about three weeks, and there met her husband, who
remained with her during that visit; that her husband
was never in this state; and that he died in 1885.   It
also appears that she went to Arizona in 1880, and
returned to Los Angeles in 1884, where she has ever
since remained.   The court found that she abandoned
and deserted her husband in the state of Illinois in
1869, and this finding seems fairly inferable from the
admitted fact that she left him in that state, there being
no evidence that he ever left or deserted her.

J. S. Severance testified, in substance, that during the
year 1878 he was agent for Helen L. Grinnell, who then,
and ever since, resided in New York; that as such agent
he attended to and conducted the transfer of the prem-
ises in question from Mrs. Starkey to Helen L. Grin-
nell, which was consummated by the acknowledgment
of the deed on June 13, 1878; that during the negotia-

tions for that transfer, and before the acknowledgment of the deed, Mrs. Starkey told him that she was a widow, and in a previous transaction with her she had expressly represented herself to be a widow; and that he never had any notice that she was a married woman at the time she executed the deed to Helen L. Grinnell until since the commencement of this action.

A. C. Holmes, the notary by whom the acknowledgment was certified, testified that in taking acknowledgments of women it had been his invariable custom to ask them whether or not they were married, and to take and certify their acknowledgments accordingly; and that, from the form in which he had certified the acknowledgment of Mrs. Starkey, he was positive that she must have informed him that she was not married, otherwise he would have drawn the certificate in the form required by law for married women, and would not have drawn it in the form in which it is. Of all this he was very positive, although he did not remember that particular transaction.

Then, to prove that Mrs. Starkey had generally represented herself to the public as a widow, other witnesses were called and examined as follows:

G. W. Gillette testified that, while he was county recorder, in 1875, Mrs. Starkey acknowledged a mortgage before him, in the body of which she was described as " a widow"; and in the certificate of acknowledgment he had certified that she " declared herself to be a widow"; and that he would not have so certified if she had not so declared; but that, independently of the record, he had no very distinct recollection of the particular transaction.

J. J. Warner, who was a notary in 1876, testified that in that year Mrs. Starkey acknowledged a deed before him, in the certificate of her acknowledgment of the execution of which he had described her as " a widow"; that, although he had no recollection of having so described her, " the word ' widow' could not have been inserted in the certificate unless the party making the

acknowledgment had told me then and there that she was a widow."

E. H. Owen testified that, as deputy county clerk, he had taken the acknowledgment of Mrs. Starkey to the execution of a deed in 1875, certified in the form required for unmarried women, and that he would not have taken it in that form without having asked her the question whether she was married or not.

Messrs. Gillette, Severance, and Owen each testified that he had done considerable business with, and for, Mrs. Starkey, and had been well acquainted with her, and had always understood from what she said or did that she was a widow.

In rebuttal of the foregoing, Mrs. Starkey flatly denied that she had ever in any manner represented herself to be a widow or unmarried prior to the death of her husband.

Horace Hall, who had acted as attorney for Mrs. Starkey, testified that, in 1877 or 1878, she sold a lot to Mrs. Osterman, and during the transaction the attorney for Mrs. Osterman asked her whether she was a widow or a married woman, and she answered that " she did not know whether she was wife or widow, that her husband disappeared some years before, and she did not know whether he was living or dead."

Mrs. Mary Hall testified that she had taken a deed from Mrs. Starkey in 1876, and that Mrs. Starkey never represented to her that she was a widow, but always told her that she was married.

There is no evidence, however, that either Mr. or Mrs. Hall ever communicated the facts to which they testified to any other person; nor does it appear how the deeds referred to by them were acknowledged, nor that Mrs. Starkey ever acknowledged any instrument as a married woman.

I think the evidence for defendant tended to prove that, before and at the time she executed the deed to Helen L. Grinnell, Mrs. Starkey falsely represented to Severance, the agent of Grinnell, that she was un-

married, intending thereby to deceive them; and that they and the defendant acted upon such representations, believing them to be true, not only in paying the purchase money, but in paying all the taxes and street assessments during the period of thirteen years immediately prior to the commencement of this action, and without notice of the falsity of the representations, or that Mrs. Starkey intended to lay any claim to the land.

The evidence of intentional misrepresentation is considerably stronger than in the case of *Reis* v. *Lawrence*, 63 Cal. 129, 49 Am. Rep. 83, wherein there appeared to be no reason to doubt that Mrs. Lawrence honestly believed that she had been divorced from her husband.

Certain evidence objected to by plaintiff's counsel was admitted temporarily, with the understanding that the court would pass upon the objections before judgment, and it appears that the court did not afterwards expressly decide whether the evidence objected to was admissible or not; and this is assigned as error, for which the judgment should be reversed.

All the evidence thus admitted was either properly admissible or harmless, so that, even if the court erred in failing to decide the questions raised, the plaintiff could not have been injured thereby.

I think the judgment and order appealed from should be affirmed.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

FITZGERALD, J.,   HARRISON, J.,   GAROUTTE, J.,
VAN FLEET, J.,   DE HAVEN, J.,   McFARLAND, J.,
BEATTY, C. J.