EASTERN DIS.
*May,* 1841.

CLARKE ET UX.
*vs.*
FIREMEN'S INS.
CO.

=====

## CLARKE ET UX. *vs.* FIREMEN'S INSURANCE COMPANY.

### APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

The husband has the power of administering the estate of his wife, whether it be dotal or paraphernal, particularly her moveable property.

As the administrator of his wife's property, the husband has such an interest and right therein as authorizes him to insure it even in his own name, without declaring the nature and extent of his interest.

Where the policy has reference to furniture generally, in a house which is described, without mentioning that part of it was stored in the garret, it is sufficient to authorize a recovery for the loss.

This is an action on a policy of insurance. The plaintiff and wife allege that insurance was effected on a large quantity of furniture, in a house in the city of Lafayette, built, the lower story of brick and the second of wood; said furniture belonging to them, amounting to $1000.

The defendants averred that by the policy, insurance only was effected on the property of J. Calvit Clarke, the husband, and that the furniture alleged to be destroyed was the property of the wife and not covered by the policy; that it was only intended to insure such furniture as was in use in the house, such as beds, tables, &c., which would easily be removed in case of fire; but that most of the furniture for which indemnity is claimed was stored in a garret and is not embraced by the description in the policy of insurance.

EASTERN DIS.    Upon these pleadings and issues the cause was principally
*May*, 1841.   tried.   .

CLARKE ET UX.    It was shown by the evidence that Mrs. Clarke had been
*vs.*
FIREMEN'S INS.  the keeper of a boarding house in Julia street, but had remov-
CO.
ed to a small house in Lafayette ; and that a portion of the fur-
niture not immediately or constantly used was stored in the
garret.   The policy was taken out in her husband's name and
the house and furniture fully described.   The fire and loss of
property was proved within the time of the policy.

The District Judge was of opinion $750 would replace the
loss and damage, gave judgment for that sum, from which the
defendants appealed.

*Roselius & Clarke*, in propria persona, for the plaintiffs and
appellees.

*Lockett & Micou*, for the defendants.

*Simon, J.* delivered the opinion of the court.

Plaintiffs sue for the recovery of the sum of thousand dol-
lars, which is the amount of a policy of insurance.   They al-
lege that in consequence of the loss and destruction by fire of
a certain quantity of household furniture contained in their
dwelling house ; which furniture was covered by the said po-
licy, to the aforesaid amount of $1000, they are entitled to
claim indemnity from the underwriters to the full amount of
the policy.   Defendants plead that the insurance declared on
was effected only on the property of J. C. Clarke, and that
the loss occurred was on the separate property of his wife,
which was not insured.   That the loss occurred on property
not embraced in the description of the policy ; that an officer
was sent to the house containing the property offered for insu-
rance, for the purpose of examining into the situation and value
of the said property, and that none of the property for the loss
of which indemnity is claimed was shown to the officer.   They
further aver that the property in question was not required for

the ordinary purposes of plaintiffs' family, and was not used by them as household furniture; that the same was stored in a garret of the house; that if the same had been shown to their inspector for insurance, a larger premium would have been required; and that when the fire took place, if the furniture had been shown to be in that part of the house, or if notice had been given to the firemen, there was ample time for the removal of the same, and the same would have been removed and saved.

EASTERN DIS.
*May*, 1841.
_____
CLARKE ET UX.
*vs.*
FIREMEN'S INS.
CO.

The lower court gave judgment in favor of the plaintiffs for seven hundred and fifty dollars; from which judgment the defendants appealed.

The offer or application for insurance signed by J. C. Clarke, says that " insurance is wanted for one year on household furniture, looking glasses, beds, &c., to the amount of one thousand dollars, contained in a house in Lafayette city, on Belle-garde street, built, the first story of bricks, the second *and garret* of wood and covered with slate." There is an accidental variance between the offer and the policy with regard to the description of the house; several witnesses have been heard to establish all the circumstances relative to the fire, the extent and value of the loss and damage, and the situation of the furniture in the different rooms of the house, and particularly in the garret where a certain quantity of it was stored. The evidence shows also that this furniture was occasionally used, as it was wanted; that the house was small and the family very large, in consequence of which, said furniture was taken up stairs, and only brought down when it was to be used, and it is also established that the property which was lost, destroyed or damaged, belonged to Mrs. Clarke, who formerly kept a boarding house.

The main ground of defence set up by the underwriters is that the furniture did not belong to Clarke, but was the property of his wife, and that therefore he had not himself any insurable interest in the policy. It is perfectly clear that the husband has the power of administering the estate of his wife, and par-

The husband has the power of administering the estate of his wife, whether it be dotal or paraphernal, particularly her moveable property.

EASTERN DIS. ticularly her moveable property, and to act in his own indi-
*May*, 1841. vidual name with regard to the said administration.   If the
CLARKE ET UX. wife's property be dotal, the husband alone has the administra-
*vs.*
FIREMEN'S INS. tion of it, although the wife remains the proprietor thereof;
CO.
*La. Code*, art. 2330; and if on the contrary, her estate is pa-
As the admi-
nistrator of his raphernal, it is considered to be under the management of the
wife's property, husband, unless it be administered by the wife alone and sepa-
the husband has
such an interest rately; *Idem, art.* 2362; which is not shown to be the case in
and right there-
in as authorizes the present instance.   Clarke had therefore such interest and
him to insure it
even in his own right in the furniture, as necessarily authorized him to insure
name    without
declaring    the it, even in his own name, without its being necessary for him
nature and ex-
tent of his inte- to declare the nature and extent of his interest.
rest.
The next ground is that no information as to the exact situa-
Where the tion of the property had been given by the plaintiff, and that
policy has refer-
ence to furniture the risk was increased by the furniture being stored *in a garret*
generally, in a
house which is from which it was difficult to remove it.   This objection, is, in
described, with- our opinion, untenable.   The policy of insurance was made in
out mentioning
that part of it reference to the furniture, &c., generally contained in the
was stored in the
garret, it is suffi- house in which the plaintiffs resided, without any distinction or
cient to author-
ize a recovery exception as to the particular rooms in which said furniture
for the loss. should be kept.   The description of the house given in the
written application, shows that the underwriters were informed
that there was a garret; and although this was not included in
that part of the policy in which the house is described, we
think it was the duty of the defendants or of their inspector to
look into all the matters or circumstances necessary to ascer-
tain the nature of the risk.   The garret was a part of the
house, to be used by the inmates, as well as any other apart-
ment; there, they were in the habit of storing the furniture
which they did not want for their daily use, and we are unable
to see any reason why such furniture should be excepted from
the general effect of the policy.   If the underwriters were igno-
rant of this fact, they must attribute it to their own fault or ne-
gligence.

On the whole, we think the judge *a quo* did not err in
giving judgment in favor of the plaintiffs, and in allowing them

seven hundred and fifty dollars for the loss and damage by them
sustained.

It is therefore ordered, adjudged and decreed that the judg-
ment of the Commercial Court be affirmed with costs.