Pinckney v. Mulhollan.

---

CAROLINE L. PINCKNEY *v.* CHARLES MULHOLLAN.

The paraphernal property of a married woman is presumed by law to be under the management of her husband, unless administered by her separately and alone. C. C. 2361, 2362.

APPEAL from the District Court of Rapides, *King*, J.

*Dunbar, Hyams* and *Elgee*, for the plaintiff.

*Brent* and *O. N. Ogden*, for the appellant.

SIMON, J. The defendant is appellant from a judgment which condemns him to pay to the plaintiff the sum of $500, the amount of a note drawn by him, and made payable to the order of J. B. Scott, and his wife Caroline L. Scott, the present plaintiff, and endorsed over to the latter by the syndic of J. B. Scott's insolvent estate.

The defence set up is, that the defendant has fully paid and extinguished said note; that after having paid it, he repeatedly called upon J. B. Scott to deliver up said note, which Scott always promised to do, alleging as the cause of not doing so, that he had mislaid it; but that he, said defendant, has never been able to get it from Scott.

Interrogatories were propounded by the plaintiff to the defendant, the answers to which show, that the note sued on was given in part consideration of the price of a plantation, of which a donation was made to the plaintiff by one William Miller; that the

---

defendant paid J. B. Scott the amount of the note, one year after its date ; and that Scott promised to leave said note with B. Chew, for which Chew was to give a note he held of said Scott in exchange, &c.

The evidence further shows, that after Scott's death, the note was found to be in the hands of the plaintiff ; that it was not found among the papers of the deceased ; and that it was subsequently presented for payment by the plaintiff to the defendant, who said he had paid it, but that after being told that the note was a debt due to Caroline L. Scott, and could not be offset, or compensated by a debt due by J. B. Scott, the defendant promised to pay it.   Several other facts have been disclosed in support of the plea of payment, which it is unnecessary to notice.

The evidence shows, in substance, that the note sued on was the paraphernal property of the plaintiff ; and no proof has been adduced that it ever was in the possession, or under the control of her husband at any time after it was executed.

We think the District Judge did not err.   It is clear, that although the paraphernal estate of a married woman is by law considered to be under the management of the husband, this presumption necessarily ceases when it is administered by the wife *alone* and *separately*.   Civil Code, art. 2362.   18 La. 433.   The wife has the right of administering her paraphernal property, Civil Code, art. 2361 ; and it seems to us, that the best proof of such separate administration is, when she keeps the property in her possession, and out of the control or interference of her husband.   Here, it appears that the note sued on never was in the possession of the husband ; that is to say, it is not shown that he ever had any control over it.   It was not found, after his death, among the papers of his succession ; and the endorsement of the syndic of his insolvent estate shows, that it was so far the separate property of the wife, as not to be considered by J. B. Scott's creditors as part of the property by him surrendered.   Under such circumstances, we feel bound to say, that the defendant's plea of payment cannot avail him.   It was a very great imprudence, on his part, to have paid the note without its being presented ; and the fact of J. B. Scott's saying that the note was mislaid, was,

it seems to us, sufficient to put the defendant on his guard, as it ought to have induced him to believe, or at least to suspect, that it was not then in J. B. Scott's possession. The plaintiff is clearly entitled to recover.

*Judgment affirmed.*