All the judges concurring for affirmance, judgment affirmed.

---

LOUIS KUNZZE, Respondent, *v.* THE AMERICAN EXCHANGE FIRE INSURANCE COMPANY, Appellant.

Where the plaintiff, the holder of a policy of fire insurance upon his goods in a certain store, being desirous of removing the goods to another store, and of having the policy cover the goods when so removed, applies to the defendant, the insurance company, by whom the policy is issued, " to have it transferred to cover the goods in the new building," stating that the goods were to be moved that day, and the company, accordingly, by their secretary, indorsed on the policy and signed a memorandum, that it was " transferred to cover similar property " in the new building,—*Held* (WOODRUFF, J., *contra*), a fire having the next day destroyed the goods, before their removal, that the defendants were still liable for the loss.

(Cause argued October 6th, 1869, and decided December 22d, 1869.)

APPEAL from a judgment of the General Term of the Superior Court of New York, affirming a judgment for plaintiff at circuit.

The plaintiff effected an insurance, with the defendant, on certain personal property, in a dwelling-house and store, at Tompkinsville, in Richmond county, against loss and damage by fire, under a policy dated the 1st day of May, 1862, for one year from that date. A portion of the property insured, while in the said premises, was destroyed by fire, on the 24th day of March, 1863, and this action was brought in the Superior Court of New York to recover the amount of the loss. The defendant resisted the claim, on the ground, that on the day previous to the occurrence of the fire, the " said policy of insurance was transferred upon the aforesaid subjects of insurance, situate in the two story brick building, on the

west side of Bay street, near Gore street, Stapleton, Staten Island, and from and after the said transfer, said defendants were exonerated by plaintiff from all liability from damage under said policy upon said property at said Tompkinsville; and, also, on the ground of false swearing, relative to the amount of the loss and damage sustained by him.   On the trial, after proof was offered by the defendant for the purpose of sustaining the first ground of defence, the court, at the close of the testimony, withdrew that defence from the jury, " on the ground that the goods had not been transferred; and secondly, that there had not been a delivery of the transfer sufficient to bind the plaintiff.

The question of fraud was then submitted to the jury, who rendered a verdict for the plaintiff.   Judgment was entered thereon, which was affirmed at the General Term of that court, and the defendants have appealed to this court.   The facts material to the decision sufficiently appear in the opinion of the court.

*G. W. Mead,* for the appellants.

*Samuel Hand,* for the respondent.

Lott, J.   The only question presented on this appeal is, whether the court on the trial erred in withdrawing the defence that the policy was transferred to another building from the consideration of the jury.   It appears by the proof, that the plaintiff was, a few days before the fire, preparing to remove the property covered by the policy, or the principal part thereof, from the house and store at Tompkinsville to the building at Stapleton, referred to in the answer; and he states that he asked one Diedrick, through whom the insurance was originally effected, on the Saturday previous to the fire, whether it was necessary to give the company notice that he was going to remove the things to another store; and on his receiving his answer, he, on the next day, gave him the policy, with the request that he would inform the company that he

intended to remove them, and to procure their assent. The policy was left with the company on Monday, and a memorandum was written thereon and signed by the book-keeper, in the name of the secretary, in the following terms: "March 23, 1863. Transferred to cover similar property contained in the brick building, part dwelling and store, situated on the west side of Bay street, near Gore street, Stapleton, S. I."

The testimony relied on in the appellant's points on this appeal to support the defence, was that of the book-keeper and Diedrick. That of the book-keeper is the following: "On the 23d day of March, 1863, Mr. Diedrick brought the policy to the office."

Q. What did he want done with it, when he brought it in?

A. He wished to have it transferred, as the man was going to move *that day*, and he would be back in an hour for it, and take it with him.

Q. *He wished to have it transferred according to the terms of the writing on the back of the policy?*

A. Yes, sir.

Q. Where did he say he wanted it transferred to?

A. Transferred as it is written on the policy; I cannot recollect the place now.

Q. What was done?

A. The transfer was made immediately, and signed by the secretary in my presence; at that time the secretary was James M. Bates.

Q. In whose handwriting is that?

A. In mine, with the exception of the signature.

Q. Was there any entry of it in the books of the company?
A. Yes.

*Cross-examination:*

Q. What did Mr. Diedrick say to you when he brought that policy in?

A. He said that Mr. Kunzze was going to remove *that* day, and he did not know but he was moving then, and wanted

the policy transferred to cover the goods in the new building; that he would be back in an hour to get it.

Q. Did he prescribe the form of the indorsement?

A. No, sir.

That of Mr. Diedrick is as follows:

Q. What did he (Kunzze) tell you to do with it?

A. He asked me if I was going to New York that day; I said, yes; he asked me to take his policy over, and have it transferred, as he was going to move that day.

Q. Did you do it?

A. I did.

Q. You took it to the company, and had it transferred?

A. Yes; I went directly to the company and gave a description of the property to Mr. Bates. He asked me if I would wait for the policy; I said not, that I would stop in for it when I was going to the five o'clock boat. I had business up town, and I came down in the stage, and forgot all about the policy until I was opposite the office; then I did not want to get out of the stage. I wanted to get to the boat.

The memorandum made by the book-keeper was not seen by Diedrick, nor by the plaintiff, or any one acting for him, till after the fire which took place on Tuesday. None of the goods had then been removed, and the policy remained with the company till a day or two after that time.

The only inference fairly deducible from the evidence is, that all parties contemplated a transfer of the risk on the goods after they were removed, and testimony does not warrant the conclusion that the policy was to be inoperative from the time the application or the making of the memorandum until the goods were removed to the building at Stapleton. The fact stated by the book-keeper that Diedrick' told him that the plaintiff "wanted the policy transferred to cover the goods in the new building," clearly shows that the object was to continue the insurance on them after their removal, and appears to me to repel the idea they should be uninsured, in the meantime, while remaining in the place they were in when first insured.

The first ground on which the judge at the trial placed his withdrawal, the fact that the goods had not been transferred, was correct.

I also concur with him in the other ground, that there had not been a delivery of the transfer sufficient to bind the plaintiff.

As before stated, the terms of the memorandum of transfer had not been assented to, nor even seen by him, nor by any person acting for him, and they are not authorized or warranted by Diedrick's statement of what the plaintiff wanted and instructed him to do.

It follows that there is no ground for the reversal of the judgment appealed from, and it must be affirmed, with costs.

All the judges concurring for affirmance, except Woud-ruff, J., who was for reversal, on the ground that the policy could not, under the circumstances, at the same time, cover loss upon the goods at both places, and the defendants would have been liable, if the fire occurred after removal.

Judgment affirmed.