The opinion of the Court was delivered by
Bermudez, C. J.
This is an action on a policy of insurance to recover $2,000, as the value of a stock of furniture specially insured and destroyed by fire.
The defense is that tlie lisle was talc in upon such furniture, contained in a two-story frame building corner of Magazine and Sixth streets ; that the building mentioned in the petition was a warehouse, in the rear of tlie two-story frame building, and that the policy was not intended to cover any furniture in that warehouse.
Prom an adverse, judgment the plaintiff has appealed.
The petition alleges that the policy was issued on the stock of furniture contained in a frame slated warehouse, situated in the rear of the building corner of Magazine and Sixth streets.
There is no dispute as to the identity of the spot. The contention is, as to whether, having alleged tlie furniture to have been in tlie warehouse, when it was in the two-story building, the plaintiff can recover; in other words, whether the misdescription is fatal, and whether, if not so, tlie policy can be construed so as to cover tho warehouse, as an appendage or component part of the two-story frame building mentioned in it.
The misdescription of tlie building in the petition is easily accounted for, and lias been cured by the course of the litigants during tlie trial. It is insignificant.
When the petition was drawn up, the policy issued had been destroyed by the fire which consumed the building with the furniture in it. It. was not, therefore, possible to give in the petition the description contained In the policy.
*764 On tlie trial, evidence was introduced, without objection, by both parties, to show the contents of the policy-, the nature of the contract and the circumstances under which it was formed. The evidence introduced established no new thing to the parties. Whatever irregularity-existed in the petition was, therefore, rectified and cured.
It is not shown that this plaintiff ever had any other dealing with the defendant Company. Iiis description of the building could not, therefore, be mistaken as intended to refer' to a building other than that mentioned in the issued and lost policy, and patent on the books and among the archives of the Company. The apparent surprise and indignation of the Company somewhat flavor of anything but good faith and a desire to have justice administered.
Were it not so, the word “ warehouse,” used in the petition, might be taken as sufficiently generic to cover the two-story frame building mentioned in the policy, almost as effectually as tlie word “ factory ” would. Flanders, pp. 73-4; 18 Ill. 553.
Tlie evidence establishes that the plaintiff was a furniture dealer, carrying on an extensive business as such, in a building belonging to his wife, at the corner of Magazine and Sixth streets, in this City; that he had quite a large stock oft furniture on hand there, much exceeding in value the amount for which the policy was issued, and which was destroyed by fire, while the policy was in force.
The record shows that the inspector of the Company who visited the premises and saw the furniture exhibited to him by plaintiff, testified that the building was divided into three parts: tliojftrsf, which was the corner, was used as a store, warehouse upstairs and down ; the second, a residence, composed of rooms on each side of a hall, which was in the centre, next to which was a gateway ; the third was a little placo called warehouse. All under one roof.
Iiis testimony is corroborated by that of other witnesses.
A plan or sketch introduced in evidence and in the transcript, illustrates the locality and distribution of the two-story building, up and down.
It appears from it, that the building had but one continuous roof, extending from front to rear line; that it covered, as composing the second story-, a large upper store, two bed rooms and two chair rooms, opposite each other; next a large chair room, extending across the building, from side to side, under which were stairs, a cistern, the indispensable commodity, the yard and the carriage way; next and last a varnish room, under which was a shop or warehouse.
The defendant claims that the front building and the warehouse in 'the rear are quite separate and distinct; that they were situate at a *765 distance of fifty feet, and separated by a dining room, bed rooms and kitchen, a deep yard and a wide carriage way.
All that no doubt is true, but it does not at all follow from it that the Company is not liable, even if the description contained in the petition had not been reformed.. The two-story building might have been considered as a warehouse.
The inspector himself testified that there was such a warehouse in it, up and down.
It was indifferent to the Company in what part of the biiilding the furniture destroyed was contained, whether in the front, centre, rear, upper or lower.
Courts endeavor to give effect to the intention of the parties in construing policies of insurance, the contract being one essentially of good faith. The language of a policy is that of the company which can provide for every proper case, and is to be taken in the sense most favorable to the assured. Flanders on Fire Ins. 72, § 7; Wood 81, p. 147.
Where a building is described as of one class, instead of another which would require a larger premium, the misdescription being intentional and fraudulent, at the expense of the company, the policy would be nugatory; but where the description, although not strictly accurate, is onty a representation, makes no difference in the premium, does not mislead the insurer nor increase the risk, the inaccuracy being a mistake or omission, whether wilful or accidental, is immaterial and does not avoid the policy. 41 N. Y. 412: 1 Cush. Mass. 257; 4 Mass. 330; 3 Dow. 255; 6 Cow. 673; 7 Wend. 72;. 6 Wis. 89 ; 1 Paige N. Y. 378; 2 Phila. R. 357; 1 Moody & Malkin, 90; 2 Peters R. 25; 16 Mich. 380; 9 L. C. 61; T. & C.N. Y. 213.
All the Company cared for in this case was a correct representation of the nature of the building, the existence and value of the property insured, and last, but not least, the payment of its premium. It was in order to ascertain and verify these material facts that the Company sent its inspector to view and report. It is true that this agent did not visit the rear portion of the building ; that he merely visited the first and second floors of the main front portion of the building to which he was taken, and in which he saw furniture for a value exceeding by much the amount stated in the application and subsequently incorporated in the policy.
The circumstance that the plaintiff had effected an insurance in another company “ on his stock of furniture contained in the frame slated store at the corner of Magazine and Sixth streets, $5,000,” and ‘‘ on same, in frame slated warehouse in the rear, $1,000,” does not, in the least, militate against him. By so doing, he must be considered as having intended merely to describe the different parts of the building *766 in which was to be found tlie furniture which he had valued at distinct sums. It does not at all prove that he considered the warehouse as constituting an independent building. On the contrary, referring as he does to it, as being in. the rear, it rather establishes that he took it to be the same building, located at the extremity opposite the front, and strongly indicates good faith on his part.
It may not be amiss to say, as a part of the history of this case, suggested by the parties, that although in a suit on the policy in the other company, the plaintiff was exonerated from all imputation of fraud, and to some extent won the sympathy of the court, which viewed his case as a hardship, he was defeated, on the defense of a subsequent insurance on the same property, in another company, without notice. 30 A. 1388.
We are satisfied, from the proved intention of the parties, from the description of the building on the premises, from the testimony adduced, whether the stock of furniture was entirely in one part of the two-story frame building, or in the warehouse in its rear, or scattered through it, that the whole construction, being within the same enclosure, connected and used as it was, as one and the same structure, covered in its whole length and width by a continuous roof, constituted one and the same building, which no distortion of language can transform into two, and that as the furniture destroyed wag in some portion of it, the policy covered it, and the Company is liable for the amount claimed from it.
In the absence of fraud, and none has even been intimated in this case, the contract of insurance must be liberally construed in favor of the insured and for the benefit and promotion of trade.
Where it is doubtful what goods are covered by the policy, the doubt should be resolved against the underwriters. May on Ins. 181, 182. 579; Flanders on Ins. 224; 4 R. T. 159; 43 Penn. St. 350; 18 La. 431,
The words used, house or building, embrace every building appurtenant and necessary to the main building, used and connected therewith. May on Ins. 520; Flanders, 73; Wood on Ins. 83; 2 Sandford N. Y. 497; 2 La. 507; 3 Bacon Abr. 396; 9 Allen Mass. 316.
We think the District Judge has erred.
It is, therefore, ordered and decreed, that the judgment appealed from be reversed; and proceeding to render such judgment as should have been rendered, it is ordered, adjudged and decreed, that tin* plaintiff recover of the defendant the sum of two thousand dollars, ($2,000) with legal interest thereon, per annum, from the 14th January, 1875, until paid, with costs in both Courts.