No. 4517.

(Court of Appeal, Parish of Orleans.)

MRS. EVA CRONE, WIFE OF JOHN H. LAMKIN, DULY AUTHORIZED, VS. THOMAS F. FUGE.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "B."

Lyle Saxon, for Plaintiff and Appellee.

Pierson, Walton & Pierson, for Defendant and Appellant.

DUFOUR, J. John H. Lamkin, the plaintiff's husband, bought of defendant, a retail grocer, $93 worth of groceries, and also borrowed $10 from him. Being pressed for a settlement, he sold to defendant a ring which was the paraphernal property of his wife, for the sum of $153, and received from him $50, the difference between his indebtedness and the agreed valuation of the ring.

The wife now sues to recover the ring or its value, alleging that her husband disposed of it without her knowledge or consent.

The sale of a thing belonging to another person is null (R. C. C. 2452); hence she is entitled to recover.

But the defendant, having disposed of the ring, can be held for its value only.

The evidence on this point is rather vague.

The plaintiff alone testifies: she says the ring was worth "about $250," but that she did not know exactly what it cost. Other proof, for instance the testimony of the jeweler who sold it, must have been available and should have been produced.

We deem it fairer to take as a standard of value the price agreed upon when Fuge bought the ring from Lamkin.

It is true that when Fuge sold it he only received $132, but the purchaser was a jeweller who cannot be supposed to have paid full price for the article.

The judgment is amended by reducing the amount allowed plaintiff to sum of ($153) one hundred and fifty-three dollars; and, as amended, the judgment is affirmed, plaintiff and appellee to pay costs of appeal.

November 9, 1908.

## ON REHEARING.

1. When the husband administers the movable paraphernal property of his wife in his possession and sells it to one who purchases in good faith, the latter wil be protected from the claim of the wife on the property.
2. Her recourse is against her husband for restitution or reimbursement, whether he administers with her consent or notwithstanding her formal opposition.

DUFOUR, J.   For the first time, in his application for a rehearing, counsel for defendant calls our attention to the fact that there is no evidence in the record to rebut the presumption of law that the husband has the administration of the paraphernal property of his wife, and that his possession of it is sufficient to validate a sale made by him to a purchaser in good faith.   Art. 2385, R. C. C.

The law is that when the husband administers the movable paraphernal property of the wife and sells it to one who purchases in good faith, the latter will be protected from the claim of the wife on the property.   Her recourse is against her husband for reimbursement, whether he administered with her consent or notwithstanding her formal opposition.

She may exercise her right of action even during marriage, and is granted a legal mortgage on the property of her husband for the restitution or reimbursement of the property which he has appropriated to his own use.

R. C. C. Arts. 2391, 3319, 2389; C. P. 42, 20 An. 206; 18 La. 434; 45 An. 732, McGuirk vs. Marchant.

It follows from the foregoing that our original decree is erroneous.

It is therefore ordered, adjudged and decreed that our previous decree be set aside; that the judgment appealed from be reversed, and that plaintiff's suit be dimsissed at her cost in both courts.

January 25th, 1909.

Rehearing refused, Feb. 8, 1909.

Writ refused by Supreme Court, March 10, 1909.