Merrimack,
No. 4293.

FRANKLIN NATIONAL BANK *v.* ALBERT G. AUSTIN & *a.*

Argued April 6, 1954.

Decided May 4, 1954.

*Morse, Hall & Morse* and *Charles T. Gallagher* (*Mr. Gallagher* orally), for the plaintiff.

*Devine & Millimet* (*Mr. Shane Devine* orally), for the defendants.

DUNCAN, J. The defendants in support of the exception to the denial of their motion for a nonsuit assert that the plaintiff is precluded from recovering the deficiency after sale of the chattels, because of its failure to comply with the requirements of R. L., c. 262, s. 28, which requires that the proceeds of a statutory foreclosure sale be applied to payment of the demand secured by the chattel mortgage. While the Trial Court found that notice as required by R. L., c. 262, ss. 26, 27 was given before the foreclosure sale of the truck, there was no finding and no evidence that the statute was followed with respect to the subsequent sale of the cattle.

In jurisdictions where a chattel mortgagee is held to have merely a lien to secure the loan (see *Metheny* v. *Davis*, 107 Cal. App. 137) his failure to pursue the statutory method of enforcement of the lien has been held fatal to any right to recover a deficiency, because he is considered to have converted the mortgaged goods. *Metheny* v. *Davis, supra*; *First Nat. Bank* v. *Poling*, 42 Idaho 636. Under the rule of this jurisdiction, how-

ever, the mortgagee has legal title to the mortgaged chattels, subject only to the mortgagor's equity of redemption, or statutory right to redeem. *Provenchee* v. *Piper*, 68 N. H. 31; *Sargent* v. *Usher*, 55 N. H. 287, 289. Where this view of the nature of the interest of the mortgagee prevails, a failure to follow the statutory provisions with respect to foreclosure of the mortgage is not considered to result in forfeiture of any balance due. By the terms of the defendants' mortgage, the plaintiff had both legal title and the right to possession of the chattels. The "consequence" of an irregular sale is "not that the debt becomes extinguished, but that the mortgagor may be credited with payment up to the value of the property. . . . " *Harrison* v. *Hall*, 239 N. Y. 51. "The mortgager should be compensated, if wrong is done to him, but to subject the whole debt to forfeiture might be much more than justice requires." *Leach* v. *Kimball*, 34 N. H. 568, 575. Accordingly, if the mortgagor is damaged by the mortgagee's failure to comply with statutory requirements, he is entitled to set off his damages against the debt. Where redemption is not sought, he is ordinarily entitled to credit for all sums received for the repossessed chattels and not less than their fair value. *Griswold* v. *Morse*, 59 N. H. 211; *Mercier* v. *Company*, 84 N. H. 59; *Caraway* v. *Jean*, 97 N. H. 506.

The further issue is presented whether the bank's bid for the Ford truck on foreclosure, which was for the balance of over $1,400 then due on the defendants' note, may be reformed so as to reduce its undertaking to the amount of $200 credited on the note. According to recognized principles, unilateral mistake affords no ground for reformation of a contract (see *Commercial Cas. Co.* v. *Mansfield*, 98 N. H. 120, 136; *Phinney* v. *Bank*, 91 N. H. 184, 190), although it may be ground for rescission. *Geremia* v. *Boyarsky*, 107 Conn. 387; *Rosenblum* v. *Manufacturers Trust Co.*, 270 N. Y. 79. See *Carignan* v. *Company*, 95 N. H. 262, 265.

"If the erroneous transaction was such as to involve the act of the plaintiff only and the effect of the transaction would be the unjust enrichment of the defendant, the plaintiff is entitled to have the transaction rescinded, although he was the only party mistaken." *Rosenblum* v. *Manufacturers Trust Co.*, *supra*, 85. In the language of the Connecticut court, "equity will grant relief if [the defendant] seeks to take unconscionable advantage of [the mistake]." *Geremia* v. *Boyarsky*, *supra*, 390. See 5 Williston on Contracts (Rev. *ed.*) 4402.

The principles stated are applicable here. The defendants seek to achieve discharge from their obligation for nearly eight hundred dollars by insisting that the bank be held to its purchase of a two hundred dollar truck upon a bid of more than fourteen hundred dollars. They make no pretense that the truck was fairly worth the amount bid, nor is there any evidence that it was worth substantially more than the figure of $200 found to be its actual value. While it appeared that the defendant who used the truck after its purchase had expended money upon it, it had been used for some three years in lumbering operations over woods roads, and was in poor operating condition. The finding as to value is not open to serious question.

The defendants seek to obtain a credit for the price bid by the bank, although it is inconceivable that it was made with any appreciation of the consequences of bidding the amount of the balance of the note. The bid appears to have resulted from blind adherence to custom by the bank's cashier, and possibly in part from his unexplained idea that any other course would prevent realization upon the remaining security. Since no prospective bidders appeared at the sale, the bank's bid cannot have operated to prevent a possible sale to any third party for more than the figure found to represent fair value. *Cf. Griswold* v. *Morse,* 59 N. H. 211, *supra.* The evidence tends to show that due diligence was used by the bank to obtain an adequate price upon resale. Under these circumstances the principles set forth above entitle the plaintiff to equitable relief. *Healy* v. *Healy,* 76 N. H. 504, 506. To sustain the defendants' position would permit them to take unconscionable advantage of the plaintiff's mistake, to their own unjust enrichment. Any carelessness on the part of the plaintiff furnishes no defense since the defendants have not been prejudiced by it. *Geremia* v. *Boyarsky, supra,* 391; 3 Pomeroy, Eq. Jur. (5th *ed.*) 341.

For the purposes of this case, whether the form of the relief be called reformation or rescission is not important. Reformation ordinarily applies to written instruments, and absent fraud, requires mutual mistake. Rescission in this case reaches the same result. Having sold the truck, the plaintiff did all that equity requires by crediting the defendants with its fair value. Literal restoration of the *status quo* is unnecessary. *Copeland* v. *Reynolds,* 86 N. H. 110, 113; *Kenalos* v. *Company,* 81 N. H. 426.

The defendants urge that there was no mistake on the part of

the bank because it intended to bid the balance due on the note, according to its custom. The mistake came in the failure to appreciate the legal consequence of its action, which would normally obligate it to give credit for the figure bid. This was sufficient mistake to warrant the relief granted. *Eastman* v. *Association*, 65 N. H. 176. See *Healy* v. *Healy, supra*; *Stevens* v. *Stevens*, 97 N. H. 135, 139. *Cf. Churchill* v. *Company*, 86 N. H. 415.

They also argue that to sanction relief in this case will defeat the purposes of the statute by encouraging mortgagees to overbid at foreclosure sales in order to discourage *bona fide* bidders, and then to give credit for less than the amount bid, in violation of R. L., c. 262, s. 28. But no other bids were discouraged in this case. Furthermore, the statutory procedure for foreclosure is not exclusive. Section 26 provides that the mortgagee "may" sell the mortgaged property as therein provided. If the mortgagee elects not to follow the statute, he runs the risk of liability to the mortgagor for damages (*Leach* v. *Kimball, supra*), or that the property may nevertheless be redeemed because there has been no sale as prescribed by the statute. *S.* 25. In this case however, the construction which the defendants urge should be given to section 28 would not afford them compensation, but "much more than justice requires." *Id.* The plaintiff is entitled to relief from its bid, and the order is

*Judgment on the verdict.*

All concurred.